THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALBERT F. ECKERT, Petitioner.

County Court, Livingston County, September 1, 1950.

*George D. Newton, District Attorney,* for respondent.

*Albert F. Eckert,* petitioner in person.

HORTON, J.   The petitioner, Albert F. Eckert, was convicted of the crime of burglary in the third degree, following a jury trial in Livingston County Court, on May 10, 1949.   Immediately following such conviction the Livingston County District Attorney preferred a charge against him of being a second felony offender, under the authority of section 1941 of the Penal Law of the State of New York, in that he was convicted of the crime of burglary in the second degree in the State of Oklahoma on the 9th day of November, 1937, prior to his said conviction in Livingston County.   On both the trial in Livingston County Court and the arraignment on the charge of being a second felony offender, said Eckert was represented by counsel.   The two days' stay provided for by section 472 of the Code of Criminal Procedure was waived and he was sentenced to a term of imprisonment in Attica State Prison.

The petitioner, Eckert, in this proceeding, seeks an order of this court setting aside the said judgment pronounced by this court on May 10, 1949.

The only ground advanced for such an order by the petitioner is that he was not represented by counsel when he was convicted of the said crime of burglary in the second degree in the State of Oklahoma, on the 9th day of November, 1937.

There is no obligation under due process to furnish counsel in every case.   This issue is discussed at length by Mr. Justice ROBERTS in *Betts* v. *Brady* (316 U. S. 455).   The court after reviewing many cases, states at pages 471–472: '' In the light of this evidence, we are unable to say that the concept of due process incorporated in the Fourteenth Amendment obligates the States, whatever may be their own views, to furnish counsel in every such case.   Every court has power, if it deems proper, to appoint counsel where that course seems to be required in the interest of fairness.''

The *Betts* v. *Brady* case (*supra*) seems to be conclusive on the arguments advanced by the petitioner. Even if that decision is not followed, the court is of the opinion that petitioner's motion must be denied as it is undisputed that at every stage of the proceeding herein, including the arraignment, trial and the second felony offender charge the petitioner had counsel of his own choice and retained by him. Furthermore he pleaded guilty to being a second offender, based upon the Oklahoma conviction he now attacks. Even if the first conviction was faulty by reason of petitioner's failure to have counsel, it is the opinion of this court that it was cured in this court when he plead guilty to the prior Oklahoma conviction in open court and while represented by his counsel.

Motion is denied. Submit order accordingly.