THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DON COLEMAN, Appellant.— Appeal by defendant from a judgment of the County Court, Richmond County, convicting him, on his plea of guilty, of the crime of

manslaughter in the second degree, as a second felony offender, "and from each and every intermediate order therein made." Judgment unanimously affirmed. The only question presented is whether defendant was properly sentenced as a second felony offender. He was charged, pursuant to the provisions of section 1943 of the Penal Law, with having been convicted of the crime of involuntary manslaughter in Virginia, in 1931. That fact was established by the indictment and record of conviction before the sentencing court. It appears without dispute that the conviction was for homicide arising out of defendant's operation of a motor vehicle, and the crime if committed in this State would have been, at least, manslaughter in the second degree. (Cf. *Goodman* v. *Commonwealth,* 153 Va. 943; *Bell* v. *Commonwealth,* 170 Va. 597; *Zirkle* v. *Commonwealth,* 189 Va. 862; *Richardson* v. *Commonwealth,* 192 Va. 55; *People* v. *Welch,* 141 N. Y. 266; *People* v. *Angelo,* 246 N. Y. 451, and *People* v. *Ware,* 261 N. Y. 659.) It is immaterial, insofar as the validity and conclusiveness of the Virginia conviction are concerned, that the indictment, valid there (*Bell* v. *Commonwealth, supra*), might be insufficient under our Code of Criminal Procedure, or that the conviction may not have been proper under the law of that State. (Cf. *People* v. *Sacco,* 282 App. Div. 1064; *People ex rel. Prisament* v. *Brophy,* 287 N. Y. 132, 135–136; *People* v. *McCullough,* 300 N. Y. 107, 110–111; *Matter of Emert* v. *Thorn,* 249 App. Div. 301, 303–304, and *People* v. *Dacey,* 166 Misc. 827, 836–837.) Since the appeal is from the judgment of conviction, this court is unable to consider the exhibits submitted by defendant which are not part of the record on appeal. Neither do we pass on the question of whether such exhibits, or other evidence as to the exact nature of the circumstances attending the judgment of conviction in Virginia, may be available on a motion to vacate the judgment. No separate appeal lies from intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ. ■