Andrew DAVIS, Petitioner-Appellant,

v.

J. Vernal JACKSON, Warden, Clinton Prison, Dannemora, New York, Respondent.

United States Court of Appeals Second Circuit.

Submitted July 5, 1957.

Decided July 17, 1957.

Andrew Davis, petitioner-appellant, pro se.

Harold Borgwald, Asst. Atty. Gen., of the State of New York, for respondent.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

On February 27, 1957, we denied the petitioner a certificate of probable cause and dismissed his appeal from the denial by Judge Brennan of his application for a writ of habeas corpus on the ground that he had not exhausted his state remedies. Petitioner, serving a conviction as second offender in New York, is seeking to nullify his first offense, based on a conviction in Florida on plea of guilt, on the ground that he was not properly advised of his right to counsel. We thought he was entitled to proceed by writ of error *coram nobis* in the Florida courts and cited Florida precedents to that effect. Since our decision, however, the Florida courts have conclusively demonstrated the lack of remedy by denying jurisdiction to his petitions made both to the County Court of Dade County, Florida, and to the Supreme Court of Florida, with refusal of a petition for writ of certiorari by the Supreme Court of the United States on May 22, 1957—all as set forth in petitioner's supplemental affidavit, and not questioned in the reply affidavit on behalf of the State. Since this obstacle to a consideration of the merits of petitioner's application has now been removed, the basis for our holding is gone and we must act upon the situation as it now exists. Sharpe v. Buchanan, 317 U.S. 238, 63 S.Ct. 245, 87 L.Ed. 238. Hence the proceeding should be reopened and remanded to Judge Brennan for such hearing on the merits as he deems appropriate.

The petition for rehearing is granted. Our previous order of February 27, 1957, is vacated. The order of the district court of September 29, 1956, is reversed and the action is remanded for further proceedings in accordance with this opinion.