UNITED STATES of America ex rel.
George H. MOORE, Relator-
Appellant,

v.

Walter B. MARTIN, Warden, Attica Pris-
on, and People of State of New York,
Appellees.

No. 166, Docket 25763.

United States Court of Appeals
Second Circuit.

Argued Dec. 7, 1959.

Decided Dec. 29, 1959.

Sidney G. Sparrow, Ridgewood, N. Y.,
for appellant.

Louis J. Lefkowitz, Atty. Gen. of
State of New York, for appellees, Pax-
ton Blair, Sol. Gen., Albany, N. Y., Irv-
ing Galt, Asst. Sol. Gen., New York City,
Michael Freyberg and George K. Bern-
stein, Asst. Attys. Gen., of counsel.

Before SWAN, LUMBARD and
FRIENDLY, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by the relator from
dismissal of a writ of habeas corpus
after a hearing. Judge Burke, before
whom the hearing was had, granted a
certificate of probable cause.

■ The relator is presently serving
a 30 to 60 year sentence as a second
felony offender. The sentence was im-
posed in 1946 by the County Court of
Queens County, New York, after rela-
tor's conviction of the crime of first de-
gree robbery. The underlying felony
was a 1934 conviction by a Pennsylvania
court upon relator's plea of guilty to the
crime of armed robbery. He served his
Pennsylvania sentence of 10 to 20 years
and has exhausted remedies available
for attacking that conviction, since
Pennsylvania procedure requires his
presence there and New York authori-
ties cannot release him to go to Pennsyl-
vania. See United States ex rel. Savini
v. Jackson, 2 Cir., 250 F.2d 349. The
present petition, filed in the court below
on December 29, 1958, seeks to have the
Pennsylvania conviction and sentence
set aside on the ground that they were
obtained in violation of relator's consti-
tutional rights.

The relator testified in person and
was also represented by counsel at the
hearing before Judge Burke. His claim
there, repeated here, was that he was

not represented by counsel in "any meaningful sense" when he pleaded guilty to the Pennsylvania charge of armed robbery. The official record of the Pennsylvania arraignment proceedings noted that Attorneys Cline and Weintraub represented the defendant and that a plea of not guilty was entered. The relator testified that he never saw Mr. Weintraub and he was induced to change his plea of "not guilty" to "guilty" after a five minute conference with Attorney Cline, who represented several of relator's co-defendants and promised to get him a five year sentence if he pleaded guilty. Judge Burke found expressly that relator was represented by counsel of his own choice at the arraignment in Pennsylvania; that he voluntarily pleaded guilty, and that his plea was not induced by any representations as to the length of sentence which he would receive. He rejected as unworthy of belief relator's testimony that he was not represented by counsel at his arraignment and expressly held that when he entered his guilty plea he had the benefit of counsel of his own choice. These findings are not clearly erroneous. See United States v. Embarrato, 2 Cir., 253 F.2d 947.

 In oral argument appellant moved to strike from appellees' brief references to the sentences imposed by the Pennsylvania Court on co-defendants of appellant. These sentences were not put in evidence before Judge Burke, and have not been considered by us. We know of no principle by which we can take judicial notice of unreported legal proceedings foreign to the forum and not offered in evidence before the district court.

Appellant also complains that he was not represented by counsel at his sentence on December 17, 1934. The court record was silent as to this. Assuming *arguendo* that he was not then represented by counsel, Judge Burke found that there was no showing that because of lack of counsel at his sentence any element of unfairness attended the proceedings which resulted in his convic-

tion and sentence. This was correct. See United States ex rel. Marcial v. Fay, 2 Cir., 267 F.2d 507, 509.

It was also correct to reject relator's claim that his constitutional rights were violated by his arrest in Florida and his transportation to Pennsylvania against his will and without any extradition hearing. The Supreme Court has never departed from its rule "that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'" Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541.

Judgment affirmed.