UNITED STATES of America ex rel.
Augustine A. BAGLEY, Petitioner,

v.

Hon. J. E. LaVALLEE, Warden of Clinton Prison, Dannemora, New York, Respondent.

Civ. No. 9189.

United States District Court
N. D. New York.

Oct. 22, 1962.

———◆———

JAMES T. FOLEY, District Judge.

Petitioner, an inmate of Clinton Prison, Dannemora, New York, files a handwritten petition for a writ of habeas corpus. It is one of a substantial number already filed, and it would seem of many that are to come, based upon the ruling in U. S. ex rel. LaNear v. LaVallee, 2 Cir., 306 F.2d 417. This extremely important change from previous rulings is to the effect that the federal statute relating to exhaustion of available state remedies before applications for the federal writ could be entertained (28 U.S. C.A. § 2254) does not require any application to the state courts outside New York when an out-state conviction is used as a basis for a multiple-offender sentence in New York. The State prisoner so sentenced in New York, it was flatly held, may proceed directly in a federal District Court to challenge the validity on constitutional grounds of the out-state conviction used against him without any effort to exhaust available state remedies in the other State. (306 F.2d pg. 421).

The petitioner here, in reliance upon this decision, supports his application by a truly skeleton affidavit as to essential facts. According to his petition, in December, 1959, upon his plea of guilty to Robbery Second Degree, he was sentenced in Bronx County from ten to fifteen years. Shortly thereafter, in January, 1960, upon his plea of guilty to another crime, Robbery Third Degree, he was sentenced in New York County for a term of twelve to seventeen years. It is his challenge that an Ohio conviction on April 10, 1957, resulting in a five-year suspended sentence, was used against him in New York to sentence him as a multiple offender. Under the LaNear decision he has made no effort to review the 1957 conviction in the Ohio state courts. It is a certainty to me that few State prisoners in New York will bother to exhaust their remedies in the outside State when they can easily and conveniently file in the district court of confinement and cast a serious burden upon New York to uphold the outside state convictions, many of which were rendered years ago in states far distant from New York.

The crime in Ohio is not described at all, except by reference to case number, nor is it stated whether the judgment of conviction was rendered upon a plea of guilty or after trial. There is not a fact or circumstance relating to the conviction set forth except that it was obtained without aid of counsel in violation of the United States Constitution.

No matter how liberal the modern approach may be to federal habeas corpus proceedings, I do not think we have reached the stage that the petition may only be in the form of a bare notice pleading. In Darr v. Burford, Warden, 339 U.S. 200, 218, 70 S.Ct. 587, 597, 94 L.Ed. 761, it was stated:

"A conviction after public trial in a state court by verdict or plea of guilty places the burden on the accused to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings, that in his prosecution the state so departed from constitutional requirements as to justify a federal court's intervention to protect the rights of the accused."

Similarly, in Brown v. Allen, 344 U.S. 443, 502, 73 S.Ct. 397, 443, 97 L.Ed. 469, Judge Frankfurter stated:

"Just as in all other litigation, a prima facie case must be made out by the petitioner. The application should be dismissed when it fails to state a federal question, or fails to set forth facts which, if accepted at face value, would entitle the applicant to relief."

There must be a showing in these situations that the lack of counsel or failure to advise as to such right resulted in fundamental unfairness. (Betts v. Brady, 316 U.S. 455, 473, 62 S.Ct. 1252, 86 L.Ed. 1595; Gibbs v. Burke, 337 U.S. 773, 780, 69 S.Ct. 1247, 93 L.Ed. 1686).

Justice Harlan, recently concurring in Oyler v. Boles, 368 U.S. 448, 459, 82 S.Ct. 501, 7 L.Ed.2d 446, reaffirmed this principle by the statement that "exceptional circumstances" under existing law (Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252) must be present before the Fourteenth Amendment imposes upon the State a duty to provide counsel for an indigent accused in a noncapital case. (See also McNeal v. Culver, 365 U.S. 109, 117, 81 S.Ct. 413, 5 L.Ed.2d 445, Justice Douglas concurring).

There is no attempt in this petition to enlighten as to a single fact that would comply with the legal burden to show exceptional circumstances that led to fundamental unfairness in the Ohio conviction. For that reason, the petition is denied and dismissed. The papers herein shall be filed by the Clerk without the usual requirement for prepayment of fee, and it is

So Ordered.