UNITED STATES of America ex rel.
Augustine BAGLEY, Petitioner-
Appellant,

v.

Honorable J. E. LaVALLEE, as Warden
of Clinton State Prison, Dannemora,
New York, Respondent-Appellee.

No. 476, Docket 28416.

United States Court of Appeals
Second Circuit.

Argued June 2, 1964.

Decided June 11, 1964.

Leon B. Polsky, New York City (Anthony F. Marra, of the Legal Aid Society, New York City, on the brief), for petitioner-appellant.

Philip Weinberg, New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, and Philip Kahaner, Asst. Atty. Gen., on the brief), for respondent-appellee.

Before FRIENDLY, KAUFMAN and MARSHALL, Circuit Judges.

KAUFMAN, Circuit Judge.

In this appeal from the denial of his petition for a writ of habeas corpus, D.C., 209 F.Supp. 529, appellant Bagley contends that a 1957 Ohio conviction, allegedly employed as the predicate for both of the New York second-offender sentences which he is presently serving, was entered in the absence of counsel. In brief, Bagley argues that the Supreme Court's decision in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and the recent holding of this Court in United States ex rel. Durocher v. LaVallee, 330 F.2d 303 (2d Cir.1964), require that his out-of-state conviction be invalidated, and that he be resentenced.

As his counsel on this appeal has virtually conceded, Bagley's petition to the District Court was framed wholly in broad and conclusory terms. Thus, after asserting that the New York judgments under which he is presently detained were entered for second-degree robbery on December 21, 1959, and for third-degree robbery on January 7, 1960, the petitioner simply alleged that his Ohio conviction, "used in each and every sentencing Court in the State of New York," is "parallel with United States ex rel. Smith v. Jackson, 234 F.2d 742 (2d Cir.1956), in that the conviction

was obtained without the aid of counsel in violation of the Constitution of the United States."

The District Court, in an opinion which preceded the Gideon and Durocher decisions, found Bagley's bare allegations of a constitutional violation to be insufficient, and accordingly denied relief without a hearing. Observing that "[t]he crime in Ohio is not described at all * * * nor is it stated whether the judgment of conviction was rendered upon a plea of guilty or after trial," the Court found that "[t]here is not a fact or circumstance relating to the conviction set forth except that it was obtained without aid of counsel in violation of the United States Constitution." Turning to Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), for the then applicable standard, the Court concluded that Bagley had failed to establish that "the lack of counsel or failure to advise as to such right resulted in fundamental unfairness."

■ Although the issue has been presented for our decision, we find it unnecessary to determine whether Gideon's abolition of the "fundamental fairness" test, and Durocher's holding that Gideon is to be retrospectively applied would compel a hearing upon the stark allegations presented here. We find it clear that Bagley has not exhausted his presently available state remedies, and we are accordingly compelled to order that his petition be dismissed without prejudice, so that he may seek appropriate relief in the New York State Courts.

Until quite recently, New York provided no procedure whereby the constitutionality of an out-of-state conviction, even if employed to support a second-offender sentence under New York's recidivist statute, might be challenged in the courts of New York. See People v. Wilson, 13 N.Y.2d 277, 196 N.E.2d 251 (1963); United States ex rel. LaNear v. LaVallee, 306 F.2d 417 (2d Cir.1962). Citing LaNear, Bagley thus initially sought relief in the federal court, rather than attempting to invalidate his Ohio

conviction by means of a New York collateral remedy. On April 10 of this year, however, the State of New York amended § 1943 of its Penal Law to provide, *inter alia,* that "no previous conviction in this or any other state shall be utilized as a predicate for multiple offender treatment * * * if such conviction was obtained in violation of the rights of the person accused under the applicable provisions of the constitution of the United States." By virtue of this recent amendment and of the procedures established for its effective implementation, Wilson was thus legislatively overruled, LaNear was rendered obsolete for present purposes, and the State of New York asserted its right and obligation to pass on constitutional challenges to the validity of its judgments of imprisonment in the first instance. Cf. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822 (1963).

Admittedly, the language of § 1943 is not precisely clear as to whether it may be invoked by petitioners such as Bagley, whose second-offender sentences were imposed prior to the date of its amendment. While the statute requires that constitutional challenges be interposed at the time the second-offender information is filed and provides that a defendant's failure to act at this time will constitute a waiver of his allegations of unconstitutionality, the section does provide for broad exceptions from this requirement whenever a defendant can establish "good cause * * * for his failure to make timely challenge." But whatever doubts we may have entertained on the question of retrospective application were resolved on the very morning that the present appeal was argued. At the urging of both the District Attorney of New York County and the Legal Aid Society of New York, the Appellate Division, First Department, of the New York Supreme Court decided that it "would not be in keeping with * * * due respect for fundamental constitutional principles to restrict [§ 1943] to future convictions." People v. Cornish, App.Div., 250 N.Y.S. 2d 233 (1st Department 1964).

In so holding, the Court relied heavily upon New York's strong interest in providing an adequate state remedy. Thus, Justice Breitel's opinion for a unanimous court stressed the basic policy behind the amendment as expressed in the memorandum of the Governor approving the bill: "To deny a defendant a forum in this State in which to contest the validity of a conviction on the basis of which this State seeks to deprive him of his liberty is not in keeping with the high traditions of this State in the protection of the rights of the accused." At the same time, the Court emphasized that its holding of retroactivity was largely motivated by considerations of federal-state relations. Thus, immediately after observing that "there is no practical or theoretical impediment to a retrospective application," the Court noted that "a contrary conclusion would mean that a portion of the pending and future cases, those involving past convictions, would be relegated to Federal habeas corpus, available only because of a gross violation of constitutional standards by the State, while the remainder would be afforded redress by this State. There is no indication that such an anomalous and discriminatory result was intended."

In the light of the amendment of § 1943, the decision in Cornish, and the "anomalous and discriminatory" results which would otherwise ensue, we are thus compelled to dismiss the petition, so that Bagley may move for resentencing in the New York Courts, the state procedure specified as appropriate by the Appellate Division. In so doing, we should note that Bagley is in no way disadvantaged by our decision, despite the filing of his petition in the District Court prior to the effective date of the amendment. On this appeal, Bagley has never contended that the writ should immediately issue; rather, he is asserting that the case should be remanded to the District Court for a hearing in light of the decisions in Gideon and Durocher. Since further proceedings would be required in any event so that the facts underlying his allegations may be fully supported, we do not prolong the period of detention when we defer to the spirit behind the exhaustion requirement, and hold that such proceedings be initially conducted in the state courts.

We should note, finally, that even if there were some doubt as to the availability of relief in the New York courts, we still would give its courts the first chance to review their alleged errors so long as they have not authoritatively shown that no further relief is available. See United States ex rel. Emerick v. Denno, 328 F.2d 309 (2d Cir.1964). In accordance with our customary procedure followed in the Emerick case, the petition is dismissed without prejudice to Bagley's right to renew his petition in the District Court should relief be denied in the New York state courts.