**UNITED STATES of America ex rel. Ralph Joseph BLASSER, Relator-Appellant,**

v.

**Hon. Harold W. FOLLETTE [successor to Edward M. Fay] as Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.**

No. 451, Docket 29814.

United States Court of Appeals
Second Circuit.

Argued June 22, 1966.

Decided July 12, 1966.

Phyllis M. Orlikoff, New York City (Anthony F. Marra, New York City, on the brief), for relator-appellant.

Frank J. Pannizzo, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and MOORE and FEINBERG, Circuit Judges.

PER CURIAM:

Ralph Joseph Blasser appeals from the denial of his petition for a writ of habeas corpus by Judge Bryan in the District Court for the Southern District of New York entered July 15, 1963. Leave to appeal *in forma pauperis* and the assignment of counsel was granted by this court May 24, 1965. We dismiss the appeal as moot.

While on parole from a 1955 conviction in New York for robbery in the third degree, Blasser was arrested and convicted in 1960 in Massachusetts on three charges of assault with a dangerous weapon and illegal possession of a weapon. He claims that upon his release from a Massachusetts prison on April 18, 1962 he was forcibly removed from that state to New York in violation of his Constitutional rights and then imprisoned as a parole violator. Blasser's claim that the forcible abduction into New York violated his federal rights and entitled him to be released from the New York prison was rejected by Judge Bryan under the authority of Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952) and United States ex rel. Moore v. Martin, 273 F.2d 344 (2 Cir. 1959), cert. denied, 363 U.S. 821, 80 S.Ct. 1262, 4 L.Ed.2d 1518 (1960).

Prior to oral argument we were informed that Blasser is again out of prison and on parole under his original New York conviction which will expire August 23, 1966. Because he is no longer in prison but is now living in Massachusetts under parole as he was before New York brought him from that state, and since he is under no additional restraints flowing from his alleged "abduction" into New York, the case is moot.

Dismissed.