Haywood **WILLIAMS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 532, Docket 72–2169.

United States Court of Appeals, Second Circuit.

Argued Feb. 20, 1973.

Decided June 20, 1973.

Phylis Skloot Bamberger, New York City (Robert Kasanof, The Legal Aid Society, New York City, on the brief), for appellant.

Eugene F. Bannigan, Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty., and John W. Nields, Jr., Asst. U. S. Atty., New York City, on the brief), for appellee.

Before FEINBERG, MULLIGAN and TIMBERS, Circuit Judges.

TIMBERS, Circuit Judge:

Haywood Williams appeals from an order entered October 16, 1972 in the Southern District of New York, Charles M. Metzner, *District Judge*, denying without a hearing appellant's motion pursuant to 28 U.S.C. § 2255 (1970) to vacate a judgment of conviction entered against him December 1, 1964 by Judge Metzner, and to vacate the sentence imposed thereon.

On this appeal, the sole issue is the propriety of the 1964 sentence, appellant's challenge being directed at the validity of a 1956 conviction in the Eastern District of Virginia which was the predicate for the sentence imposed by Judge Metzner.

We hold that the claim raised by appellant has been decided on the merits by the Virginia district court, and that the interests of justice would not be served by a redetermination of that claim. We affirm.

## I.

On November 5, 1963, appellant was arrested and charged with four counts of violating the federal narcotics laws, 21 U.S.C. §§ 173–74 (repealed October 27, 1970, Pub.L. 91–513, Title III,

§ 1101(a)). After a five day nonjury trial before Judge Metzner, appellant on December 1, 1964 was found guilty on two counts and was sentenced to a concurrent ten year prison term on each count. That sentence was based on appellant's status as a second offender which, under the law then applicable, required a mandatory minimum sentence of ten years. The conviction was appealed to this Court, the issues on appeal relating to certain evidentiary rulings. We affirmed. 384 F.2d 488 (2 Cir.), cert. denied, 385 U.S. 836 (1966).

The narcotics conviction which was the predicate for appellant's 1964 sentence under the second-offender provision was rendered in 1956 in the Eastern District of Virginia. Appellant did not appeal from that conviction, allegedly because of the failure of both the court and retained counsel to inform appellant of his right to appeal.

In the years following his direct appeal from the 1964 conviction, appellant filed no less than six motions [1] pursuant to 28 U.S.C. § 2255 in the New York and Virginia federal courts. The following is a brief chronology of the adjudication of those motions:

1. On March 24, 1967, Judge Metzner denied appellant's motion directed at various errors alleged to have been committed at the 1964 New York trial.

2. On November 30, 1967, Judge Walter E. Hoffman of the Eastern District of Virginia denied and dismissed after an evidentiary hearing appellant's motion which alleged numerous defects in the 1956 Virginia conviction. Included therein was the claim that he had been denied the effective assistance of counsel, in part because of the alleged failure of counsel to advise him of his right to appeal from the conviction. The Fourth Circuit, in an unre-

ported memorandum decision filed January 7, 1969, agreed that the claims asserted below were "lacking in substance for the reasons advanced by the district court", and that the motion was properly denied. It noted, however, that in the period following the district court ruling the Supreme Court had decided Bruton v. United States, 391 U.S. 123 (1968), and that appellant had made a *Bruton*-type argument that warranted further exploration. The case was therefore remanded to the Eastern District of Virginia.

3. On March 28, 1968, Judge Metzner denied another motion directed at the conduct of the 1964 New York trial. Three successive applications for a rehearing of that motion were denied. This Court, on January 20, 1969, denied appellant's motions for leave to proceed in forma pauperis and for assignment of counsel.

4. On September 19, 1969, in response to still another motion in the Southern District of New York, Judge Metzner rejected six further allegations of error at the New York trial. At the same time, having become aware for the first time of the decision on appellant's motion for relief in Virginia and of the continued pendency of those proceedings, Judge Metzner noted his refusal to consider "matters which have already been decided in the postconviction proceedings in Virginia or which are in the process of being presented to the court there. In addition, if there are any further points to be raised relating to that conviction which have not already been raised in Virginia, they should be presented to the court there. Orderly procedure and efficient ad-

---

1. These motions have been referred to variously as "motions", "applications" and "petitions for writs of error coram nobis".

Since they all sought relief pursuant to 28 U.S.C. § 2255, we shall use the statutory denomination of "motion".

ministration call for such direction in this case." This Court affirmed that decision without opinion on November 9, 1970, cert. denied, 401 U.S. 995 (1971).

5.  On September 24, 1970, Judge Richard B. Kellam of the Eastern District of Virginia, following the Fourth Circuit's remand of January 7, 1969, rejected appellant's *Bruton* claim, along with several added allegations of defects in the Virginia conviction. Included among these was the claim that appellant had not been advised of his right to appeal from that conviction and accordingly should be granted a belated review of that conviction. On appeal from the district court's order of September 24, 1970, the Fourth Circuit, in an unreported memorandum decision filed December 27, 1971, denied appellant's motion for a certificate of probable cause and dismissed the appeal "for the reasons stated by the district court and [Shiflett v. Commonwealth of Virginia, 447 F.2d 50 (4 Cir. 1971) (en banc), cert. denied sub nom. Love v. Virginia, 405 U.S. 994 (1972)]".

6.  On October 16, 1972, Judge Metzner denied appellant's latest motion in an order from which the instant appeal is taken. The focus of this motion again was on the failure to advise appellant of his right to appeal from the 1956 Virginia conviction, the result of which allegedly was to invalidate that conviction and thereby to taint the second-offender sentence imposed following the 1964 New York conviction. Judge Metzner stated the question before him as "whether the petitioner, after adverse rulings by the Virginia federal court on his claim of ineffective assistance of counsel, may attack the predicate conviction on the same grounds in this court." Judge Metzner held that he could not.

Appellant's challenge to this decision of the district court is three-fold. First, he contends that under the law of this Circuit a federal district court in New York is required to rule de novo on the legality of a conviction obtained outside the district where that conviction is the predicate for a multiple-offender sentence in New York. Second, he contends that, even if there is a rule of estoppel once a foreign jurisdiction decides an issue on the merits, the Virginia federal courts did not so decide the issues here raised. And third, he contends that, even if he is otherwise barred from litigating this claim in New York, in the interest of justice estoppel should not be invoked in this particular case. For the reasons below, we reject each of appellant's contentions.

II.

Appellant, in support of his contention that our Circuit has established a rule of plenary review under the circumstances here presented, relies chiefly on two cases: United States ex rel. LaNear v. LaVallee, 306 F.2d 417 (2 Cir. 1962), and United States v. Montanez, 371 F.2d 79 (2 Cir.), cert. denied, 389 U.S. 884 (1967).

In *LaNear*, petitioner was convicted in a New York state court on a burglary charge. He was sentenced as a second offender based on an earlier conviction in a Missouri state court. On appeal from the denial of his petition for federal habeas corpus directed at the validity of his Missouri conviction, we held petitioner was not required to exhaust his Missouri state remedies before challenging the predicate conviction in New York, although necessarily "[a] determination in Federal habeas corpus that the out-state judgment was void will not bind that state if the issue should ever become important there." We noted, however, that "[o]nly in form is [petitioner's] complaint over what Missouri allegedly did; in every practical sense his grievance is over what New York is doing with what Missouri did." 306 F. 2d at 420. Accordingly, we reversed and

directed the district court to hold an evidentiary hearing on the merits of petitioner's claim.

Similarly, in *Montanez*, petitioner, having been sentenced as a second-offender in the Southern District of New York, attacked there an earlier conviction in the District of Puerto Rico which was the predicate for the New York sentence. We held it "inappropriate to require appellant to move in the Puerto Rico court to set aside a conviction and sentence he has already served." 371 F.2d at 81. We therefore permitted the § 2255 motion to be filed in New York.

■ From those cases, appellant urges upon us the principle that the propriety of the use of a judgment rendered in a foreign jurisdiction as a basis for multiple-offender treatment is a matter for determination by the court which imposes sentence. We think it is clear, however, that, while *LaNear* and *Montanez* may properly be read as authorizing the sentencing court to scrutinize a prior conviction of a sister-jurisdiction that underlay a multiple-offender sentence, they do not go as far as appellant urges. The critical distinction between those cases and the one before us is that there the challenges to the predicate convictions were brought *for the first time* in the sentencing court. Here, on the other hand, appellant has raised and litigated to completion the precise claim in the Eastern District of Virginia (the convicting court) on two occasions; and the Fourth Circuit on each occasion refused to disturb the district court decision. We are unwilling to read the cases cited to us as permitting further litigation of the same claim in the Southern District of New York (the sentencing court), absent exceptional circumstances requiring us to do so. Sanders v. United States, 373 U.S. 1, 15–17 (1963).

■ We agree with the district court below that *LaNear* and *Montanez* stand for nothing more than what amounts to a choice of forum for a person in appellant's position—that is, a choice between pursuing a particular § 2255 claim in the sentencing court or in the court in which the challenged predicate conviction was rendered. Once that choice is made, and the claim is litigated on the merits, there is no requirement either in the cases or in sound public policy that further litigation of the same claim in another forum should be permitted, as long as the remedy available in the chosen forum is not "inadequate or ineffective" under § 2255. Lack of success in the chosen forum of course does not make the remedy inadequate or ineffective. Cf. Boyden v. United States, 463 F.2d 229, 230 (9 Cir. 1972) (per curiam), cert. denied, 410 U.S. 912 (1973).

Appellant argues further, however, that the claim raised in the instant motion has never been decided on the merits. In support of that contention, he points to the Fourth Circuit's most recent decision on his post-conviction motion. There, in a brief memorandum decision, the court dismissed the appeal "for the reasons stated by the district court and [Shiflett v. Commonwealth of Virginia, 447 F.2d 50 (4 Cir. 1971) (en banc), cert. denied sub nom. Love v. Virginia, 405 U.S. 994 (1972)]". Appellant directs our attention to the citation to *Shiflett*, which he argues states a rule in conflict with that of our Circuit. He concludes that the district court on the instant motion therefore was not bound by the Fourth Circuit's dismissal of his appeal.

The principle established by *Shiflett* is that, while habeas relief is available to one who has failed to appeal a conviction due to an unawareness of his right to appeal under Nelson v. Peyton, 415 F.2d 1154 (4 Cir. 1969), cert. denied, 397 U.S. 1007 (1970), nevertheless such relief was not to be given retroactive effect in cases where the time to appeal had expired prior to the date of the *Nelson* decision. Under that view, appellant's motion clearly would not be subject to *Nelson*. Admittedly, that would be in conflict with our decisions. In our Circuit, every person convicted of crime

is entitled to be informed of his right to appeal, and, if indigent, of the right to do so without expense to himself. And we have held that this applies retroactively to all cases, United States ex rel. Smith v. McMann, 417 F.2d 648, 655 (2 Cir. 1969) (en banc), cert. denied, 397 U.S. 925 (1970), including those where the sentence has been served but which constitute the predicate for a subsequent second-offender sentence. E. g., United States ex rel. Randazzo v. Follette, 444 F.2d 625 (2 Cir.), cert. denied, 404 U.S. 916 (1971). Thus, if *Shiflett* indeed were the sole ground for rejection of appellant's alleged denial of his right to be informed of the availability of appeal, there might be a serious question whether the decision of the Virginia district court was "on the merits" and as a consequence preclusive of further review in a later application.

■■ But that is not the situation in this case. First, we find appellant's reading of the Fourth Circuit's 1971 dismissal of his appeal as fanciful at best. The language of that memorandum decision states that the court relied upon the reasoning of the district court without reservation. Its citation to *Shiflett*, which was decided after the district court's decision, was an additional ground. Appellant's suggestion that the court's intention was to rely on the district court's reasons for all of the claims other than the denial of the right to appeal, and to deny that claim based solely on *Shiflett*, we find to be without merit. Second, it is evident that the Virginia district court squarely ruled on the merits of the right to appeal contention. While noting that appellant's earlier motion in the Eastern District of Virginia had raised the same claim, that it had been rejected both by the district court and the court of appeals, and that therefore "the contention is foreclosed from further consideration", the court went on to state:

"Nevertheless, Williams asserts that he should now be granted a belated appeal, relying on three recent cases which he claims support his position. See Rodriquez v. United States, 395 U.S. 327 (1969); Nelson v. Peyton, [*supra*]; United States ex rel. Smith v. McMann, [*supra*]. These cases did grant belated appeals, but in each case, the appeal was granted because of specific facts not applicable to Haywood Williams' case. Williams has not demonstrated any facts that show a denial of due process or that a belated appeal should be granted. Accordingly this claim is denied and dismissed."

In any event, it is clear that appellant's *first* Virginia motion also raised the denial of appeal claim, albeit in the context of ineffective assistance of counsel, and that the district court, after a review of the trial transcript, "reject[ed] the petitioner's belated contention, after a period of ten years, to the effect that he, the petitioner, was never advised of his right to appeal. The uncorroborated testimony of the petitioner is not acceptable. . . ."

In short, we find it beyond dispute that the claim pressed on the instant motion previously had been litigated and decided on the merits. The district court below therefore was not required to entertain a further motion for the same relief on the same ground. 28 U.S.C. § 2255, ¶5; Sanders v. United States, *supra*, 373 U.S. at 16.

Finally, appellant attacks the decision of the district court below on the ground that, even if he is technically estopped from re-litigating this claim, the district court nevertheless should have granted his request for § 2255 relief because the prior Virginia hearings were not "full and fair". Specifically, appellant objects to the conclusion that he had waived his right to appeal, claiming (1) that there is insufficient support in the record for that conclusion; and (2) that the burden of proof erroneously was placed on appellant.

Appellant's "full and fair" argument is based on Sanders v. United States, *supra,* and Townsend v. Sain, 372 U.S. 293 (1963). In *Sanders,* the Court held that "[c]ontrolling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) *the ends of justice would not be served by reaching the merits of the subsequent application.*" 373 U.S. at 15 (emphasis added) (footnote omitted). Thus, where factual issues are raised, the "ends of justice" require an evidentiary hearing on the subsequent motion if there is a showing that the prior proceedings were not "full and fair" within the criteria articulated in *Townsend,* 372 U.S. at 313–18.

In the present case, we are satisfied that the *Townsend* "full and fair" standard, as embodied in *Sanders,* did not require an evidentiary hearing on appellant's claim in his latest motion. As a factual matter, there certainly had been sufficient evidence for Judge Hoffman to have found that appellant had waived his right to appeal. That finding resulted from Judge Hoffman's review of the 1956 trial transcript which disclosed (1) that the sole issue at trial had been one of fact, no legal issues having been presented or preserved for appeal, and (2) that at the close of the trial the court had inquired of appellant's counsel whether there were any motions, to which the response was in the negative. At the § 2255 hearing before Judge Hoffman, counsel stated that he had no independent recollection of what advice, if any, had been given to appellant following imposition of sentence. The only evidence that the right to appeal had not been waived was the uncorroborated, untimely, self-serving testimony of appellant himself. This Judge Hoffman surely was entitled to discount.

Nor did the Virginia court err in placing on appellant the burden of proving error at the 1956 trial. It is hornbook law that a collateral attack on a criminal conviction must overcome the threshold hurdle that the challenged judgment carries with it a presumption of regularity, Johnson v. Zerbst, 304 U.S. 458, 468 (1938), and that the burden of proof is on the party seeking relief. E. g., Zovluck v. United States, 448 F.2d 339, 341 (2 Cir. 1971), cert denied, 405 U.S. 1043 (1972). The rule that there is a burden on the government to meet attacks on the constitutionality of prior convictions, e. g., United States ex rel. Savini v. Jackson, 250 F.2d 349, 355 (2 Cir. 1957), is not to the contrary. That "burden" refers to the requirement that a sentencing jurisdiction should be prepared to respond to challenges to convictions that underlie multiple-offender sentences, regardless of the difficulty that may accompany such challenges. Those cases, however, do not relieve the moving party of the burden of proving the allegations in a post-conviction motion.

Thus, the burden was on appellant to demonstrate that, although the ground asserted in his motion had been determined against him on the merits in Virginia, the ends of justice required a redetermination of the same ground. Sanders v. United States, *supra,* 373 U.S. at 17. Appellant has failed to satisfy that burden.

We hold that the district court did not err in denying appellant's sixth motion for relief pursuant to 28 U.S.C. § 2255.

Affirmed.