Julian B. Hanley, J.
This habeas corpus proceeding challenges the relator’s two and one-half to five-year sentence he received as a second felony offender pursuant to section 70.06 of the Penal Law. The sentencing minutes show that a predicate felony information was filed but that a rather cursory arraignment was held as follows:
“ the court: Does he have a predicate felony?
1 ‘ mr. goldberg : Yes, Your Honor. It has been served. (Handing)
“ the court: Are you Charles Bennett Warren?
“the defendant: Yes.
“■'the court: Is Mr. Fox your attorney?
“ the defendant: Yes.
“the court: You are here for sentencing. The District Attorney has lodged with the Court here and given your attorney notice of fact that you were convicted of a crime, attempted reckless endangerment in the County of Orange in 1969, and the above commission is more than ten years from the commission of that felony.
“ Now, you can stand mute here or admit that you are the person that was convicted of this prior felony, or in the event that you stand mute or deny it, you are entitled to a hearing on it.
“the defendant : I am. I am the person mentioned there. I admit it.
“the court: Do you wish to be heard, Mr. Goldberg?
“ MR. GOLDBERG: Ño.”
With that brief admission as to identity, the court proceeded with sentencing. Nothing was said about the defendant’s right to test the constitutionality of his predicate felony conviction, nor was he informed in any way that if he failed to contest this, that he was then waiving his rights to do so in the future.
Our present second felony sentencing law came into being in 1973 at section 70.06 of the Penal Law and provides for certain-mandatory sentences of imprisonment. This section is a successor to section 1943 of the former Penal Law that has been repealed. That former section had been judicially interpreted •so that at one time felons had no way to contest the constitutionality of an out-of-State predicate felony in New York courts. (People v. McCullough, 300 N. Y. 107; People v. Wilson, 13 N Y 2d 277.)
*645 The Federal habeas corpus decision of United States ex rel. LaNear v. LaVallee (306 F. 2d 417) upset this. That decision pointed out that New York then provided no method for testing the validity of convictions by other sovereigns used as a basis for a New York multiple offender sentence. This the Federal court .says violates due process and so they allowed Federal habeas corpus as a method of testing the validity of such a prior felony. Hastily then, New York amended former section 1943 to allow for the testing of any prior felony where there was a recidivist type of sentencing. When we adopted our new second felony section (Penal Law, § 70.06) a similar procedure was authorized as set out in CPL 400.21. This new section repeated a similar provision to the former Penal Law by stating in paragraph (b) of subdivision 7 that the defendant at any multiple offender hearing could contest the constitutionality of any predicate felony conviction.
The revisors were not satisfied just to preserve the defendant’s “ due process ” rights to test the constitutionality of such a conviction. They injected a further important restriction to the defendant’s rights by adding to paragraph (b) of section 7 the following language: “'Failure to challenge the previous conviction in the manner provided herein constitutes a waiver on the part of the defendant of any allegation of unconstitutionality unless good cause be shown for failure to make timely challenge ”.
So here we now have a defendant sentenced as a second felony offender without ever ibeijig told that he could contest the constitutionality of felony number one, much less being warned that a failure to do so might well waive his. right to this forever.
. Here a man ends up with a mandatory increased prison sentence and loses his constitutional right to test the matter without as much as a warning from the court. Even the participants at a wedding ceremony get a better warning than that. At least there the clergyman before completing his ceremony announces to everyone present that if anyone has an -objection he should state it then or “ forever after hold his peace.”
A court cannot even accept an ordinary guilty plea without first cautioning a defendant that he is giving up his constitutional rights to a jury trial, to confront the witnesses against him and to produce his own witnesses. (Boykin v. Alabama, 395 U. S. 238.)
Constitutionally, this is required, so that we are certain that the defendant realizes what he is giving up when he pleads.
*646 The same logic applies here to a multiple offender procedure. True, there is no statute that requires the court to warn the second felony offender that he has a right to test the constitutionality of his prior felony.
No statute requires this, but the Constitution does. It is a finding of this court that on any second felony sentencing under section 70.06 of the Penal Law and CPL 400.21, the court must inform the defendant of his right to contest the constitutionality of any prior felony and that failure to so contest it waives his right to do so.
The court gave no such warning here.
Accordingly, it is ordered that relator’s present sentence in Orange County Court under Indictment No. 18-74 is invalid, and he is ordered to be returned there forthwith for resentencing.