**Hugo Galviz ZAPATA, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–2575.

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

Norman Trabulus, Garden City, NY, for Petitioner.

Elaine D. Banar, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, and

**42**

Peter A. Norling, Assistant United States Attorney, of counsel), Brooklyn, NY, for Respondent.

PRESENT: SONIA SOTOMAYOR,
B.D. PARKER, RICHARD C. WESLEY,
Circuit Judges.

### SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. In seeking a petition for a writ of habeas corpus, Zapata raises an ineffective assistance of counsel claim. Initially, the district court held that, even assuming that Zapata's counsel, Lisa Scolari, did not consult with Zapata regarding an appeal, "petitioner is unable to demonstrate that his attorney had a duty to consult with him regarding his right to appeal, or that he would have appealed but for counsel's failure to perform that duty." *Galviz Zapata v. United States*, No. 00–CV–6736(JG), 2001 WL 1078340, at *3 (E.D.N.Y. Aug.22, 2001). On appeal, we vacated the district court's decision and remanded the case "for the limited purpose of determining whether Scolari consulted with Zapata," the fact that the district court had assumed without deciding. *Galviz Zapata v. United States*, 431 F.3d 395, 399 (2d Cir. 2005).

On remand, the district court held a supplemental evidentiary hearing to determine whether Scolari had in fact consulted with Zapata about whether to file an appeal. After the hearing, at which both Zapata and Scolari testified, the district court made several findings of fact, including that, immediately after the district court's sentencing of Zapata, "Scolari conferred with [Zapata] in the holding pen adjacent to the courtroom," and that "[Zapata] and Scolari discussed whether any-thing could be done about the 10–year sentence."

■ Based on the record developed at both Zapata's initial and supplemental evidentiary hearings, we hold that the district court's finding that Scolari consulted with Zapata is not clearly erroneous. "A finding of fact is clearly erroneous only if, after viewing all the evidence, we are left with a 'definite and firm conviction that a mistake has been committed.'" *United States v. Proshin*, 438 F.3d 235, 238 (2d Cir.2006) (per curiam) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). At Zapata's initial evidentiary hearing, both Zapata and Scolari testified that Scolari consulted with Zapata immediately after sentencing in a holding pen adjacent to the courtroom. We noted, while remanding Zapata's claim to the district court, that "Zapata bore the burden of establishing the factual predicate for his claim." *Galviz Zapata*, 431 F.3d at 399 (citing *Polizzi v. United States*, 926 F.2d 1311, 1321 (2d Cir.1991), and *Williams v. United States*, 481 F.2d 339, 346 (2d Cir.1973)). Yet at Zapata's supplemental evidentiary hearing, Zapata continued to maintain that he spoke with Scolari about an appeal immediately after his sentencing, and Scolari stood by her testimony from the initial evidentiary hearing as well. Thus, it was not clearly erroneous for the district court, "after viewing all the evidence," *Proshin*, 438 F.3d at 238, to find that Scolari did in fact consult with Zapata.

Because Scolari consulted with Zapata, Scolari's effectiveness is measured under the reasonableness standard of *Strickland v. Washington*, 466 U.S. 668, 690–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and not, as petitioner suggests, by the non-frivolousness issue standard articulated in *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), which

applies only "[w]here an ineffective assistance of counsel claim involves an assertion that counsel failed to consult with the defendant about an appeal." *Galviz Zapata*, 431 F.3d at 397. The *Flores–Ortega* standard relates to whether the defendant would have appealed had he had the benefit of a post-conviction consultation with counsel. *Strickland*, on the other hand, provides the yardstick by which we measure the effectiveness of advice actually given.

■ Scolari's efforts in representing Zapata easily meet the threshold set by *Strickland* for effective assistance of counsel. Specifically, Scolari's decision not to discuss the potentially appealable issue raised in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), and *United States v. Williams*, 194 F.3d 100 (D.C.Cir.1999)—that viewing the quantity of drugs involved in an offense as a sentencing factor and not as an element of the crime might raise Sixth Amendment concerns—was not "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. Indeed, as we noted in our earlier decision, *see Galviz Zapata*, 431 F.3d at 398, the issue raised in *Jones* and *Williams* had been settled in this circuit at the time of Scolari's consultation with Zapata, *see United States v. Monk*, 15 F.3d 25, 27 (2d Cir.1994); *United States v. Campuzano*, 905 F.2d 677, 679 (2d Cir.1990); *see also United States v. Thomas*, 204 F.3d 381, 383 (2d Cir.2000) (noting in a post-*Jones*, pre-*Apprendi* decision that "[i]t has been the settled law of this and other Circuits that in crimes charged under 21 U.S.C. § 841, the quantity of the drug involved is not an element of the offense to be determined by the jury beyond a reasonable doubt"), *vacated, Thomas v. United States*, 531 U.S. 1062, 121 S.Ct. 749, 148 L.Ed.2d 653 (2001), *on remand, United States v. Thomas*, 274 F.3d 655 (2d Cir.2001) (en banc). Regardless of whether a claim based on *Jones* and *Williams* would have been *frivolous* at the time of Scolari's consultation with Zapata, it was certainly *reasonable* for Scolari to rely on the settled law of this Circuit in not raising this issue during their consultation. *Cf. Jameson v. Coughlin*, 22 F.3d 427, 429 (2d Cir.1994) (concluding that appellate counsel was not ineffective for failing to raise an issue when "it was reasonable for counsel to conclude," based on the state precedents at the time, "that raising the ... issue would not have been effective appellate strategy").

■ We therefore conclude that the district court's factual finding that Scolari consulted with Zapata is not clearly erroneous and that Scolari's conduct, when judged under the reasonableness standard established in *Strickland*, was not ineffective. However, after we vacated the district court's judgment of August 22, 2001, and remanded this case to the district court pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir.1994), the district court did not enter a new final judgment. Thus, although we have jurisdiction to hear this appeal, *see Galviz Zapata*, 431 F.3d at 400 (citing *Jacobson*, 15 F.3d at 19), we no longer have a final judgment from the district court to affirm. Accordingly, for the reasons set forth above, the decision of the district court is hereby **REMANDED** with instructions for the district court to reinstate its judgment of August 22, 2001.