**Clarence B. DANDRIDGE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14664.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 20, 1959.

Decided Feb. 12, 1959.

Mr. William Beasley Harris, Washington, D. C., (appointed by the District Court) for appellant.

Mr. Edgar T. Bellinger, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and EDGERTON and BURGER, Circuit Judges.

PRETTYMAN, Chief Judge.

Dandridge was indicted in two counts for carrying a dangerous weapon and for assault with a dangerous weapon. He pleaded guilty to the latter. Thereafter he moved to withdraw his plea, but the motion was denied and he was sentenced. He appealed to this court from the denial of his motion, and we affirmed.[1] He filed a petition for *certiorari* in the Supreme Court. The Solicitor General

---

1. Dandridge v. United States, 101 U.S. App.D.C. 114, 247 F.2d 105 (1957).

confessed error, and the Court reversed.[2] Thereupon the District Court, pursuant to mandate, vacated the plea of guilty.

In the meantime the other count in the indictment (for carrying a dangerous weapon) had been dismissed on motion of the Government. When the plea of guilty was vacated, this count was reinstated on motion of the Government. Then appellant was reindicted on both of the two original counts, and the original indictment was dismissed. Trial was had before a jury, and Dandridge was found guilty of carrying a dangerous weapon and not guilty of assault. He appeals from the judgment of conviction.

Dandridge was first indicted September 4, 1956. He came to trial on August 13, 1958. He claims violation of his constitutional right to a speedy trial. We find no merit in this contention, because the lapse of time was due to appellant's original plea of guilty and his later efforts to extricate himself from that plea.

Appellant says he had a right to have the gun in his possession, because he had had difficulty with the complaining witness whom he shot and the shooting actually occurred in Dandridge's home. He requested the court to instruct in accordance with the doctrine of Wilson v. United States.[3] The court refused the request, and he argues to us that this was reversible error.

We think the doctrine of the Wilson case was not applicable to the present case. Dandridge, after his difficulty with complainant Allen, took his pistol from under his mattress in his home, put it in his waistband, and went across the street, where he sat on a neighbor's steps for over an hour. Thus, clearly, he was guilty of carrying a dangerous weapon during this interval of time, and on the public street. In the Wilson case Wilson had a pistol in his automobile. While the car was stopped and Wilson was out of it, a disorderly group of men and women began an attack on him. He retreated to the car, opened the door, and got the pistol. This court said that the exigencies of the occasion justified Wilson in getting the pistol and using it in his self-defense; therefore, at the moment when Wilson took the pistol into his hand, he had a legal justification for doing so. Thus, we said, the only question in that case was whether the pistol, while in the automobile before the difficulty began, was "on or about his person" as that term is used in the statute. The difference between the problem in the Wilson case and that in this case is readily apparent.

We have considered the other points raised by appellant and find no reversible error in those respects.

Affirmed.

2. Dandridge v. United States, 356 U.S. 259, 78 S.Ct. 714, 2 L.Ed.2d 757 (1958).

3. 91 U.S.App.D.C. 135, 198 F.2d 299 (D.C.Cir., 1952).