Charles T. Major, J.
The claim herein was filed to recover damages for alleged unlawful assault, search and detention of claimant by two State Troopers.
About 2:30 on the morning of October 13, 1957 the claimant was driving his automobile southerly on Route 11 as the State Police night patrol car, going in the opposite direction, passed him near the intersection of Gillette Road. The police car was operated by Trooper Eugene Coletti, who was in charge, and he was accompanied by Trooper Edward Shaft, who had been in the troop about five months. Trooper Coletti observed that the driver appeared to be violating the speed laws, and he turned around on the four-lane Route 11 to pursue claimant’s car. The red flashing lights and siren on the troopers’ car were put in use. The chase continued for over two miles at the rate of 75 to 80 miles per hour through a 40-miles-per-hour speed zone. Claimant made a saddle turn into Bear Road. The police car made a skid turn after claimant, with its speedometer showing in excess of 70 miles per hour, and claimant was gaining distance. The cars travelled about two miles on this road. Whereupon, the troopers saw claimant’s car make a sudden turn into a driveway and the lights turned off. The troopers did not try to make this turn, but went on to the intersection of Bear and Buckley Roads, extinguished lights and siren, made a U-turn and proceeded back. Upon reaching what they later learned was claimant’s home, the troopers saw someone, who later turned out to be claimant, apparently running with a flashlight. The officer stopped his car in the driveway, observed claimant moving rapidly a short distance away, ran after and grabbed him about 45 to 50 feet west of the driveway in the field.
Trooper Coletti searched claimant, and asked if he owned the car. Claimant said he did not. Claimant and Trooper Coletti got into the police car, followed shortly by Trooper Shaft. Trooper Coletti was preparing to call his headquarters to ascertain the name of the owner of the license on claimant’s car. *962 and claimant then admitted that he owned and drove the car. He was asked for his car registration and operator’s license. At the trial, claimant testified that as he reached for his wallet, Trooper Coletti reached from the front to the back seat, and struck him with his closed fist on the nose, making it bleed; that he showed his license to Trooper Coletti, who told him to wipe his nose which he did with his handkerchief.
A call then came in on the radio notifying the troopers of a fight at Valentine Beach and directing them to proceed there at once. At the time, Trooper Shaft was filling out a traffic infraction ticket and had completed a line or two. Claimant said he was then told by Trooper Coletti that he Avas to go along with the troopers to Valentine Beach, a distance of 10 miles. Claimant accompanied the troopers; and, according to claimant’s testimony, upon arriving at the beach restaurant, he sat in the car with Trooper Shaft while Trooper Coletti went into the restaurant and returned. The troopers then took claimant back to the front of his home, gave him his summons, and told him where the Judge lived. It does not appear what the claimant did after that, except that he worked in his regular job on the next day, Monday, from 8:00 a.m. until in the afternoon. He appeared before Justice of the Peace Scott Sitterly, for the ToAvn of Clay, at the time named in the summons and entered a plea of not guilty. After a trial held on November 19, 1957, at which claimant was represented by an attorney, and the People represented by the Onondaga County District Attorney’s office, claimant was found guilty of the charge of speeding, and paid his fine. Claimant appealed from the decision of the Justice to the Onondaga County Court, and the judgment of conviction was affirmed.
At the trial, both troopers testified that claimant was not struck at any time; he did not have a nosebleed in their presence, and they saw no blood on him or on his handkerchief. They observed the odor of intoxicants on his breath. When they received the radio message to go to Valentine Beach, Trooper Coletti asked claimant if he would like to go along and see a fight. Claimant allowed that he would and voluntarily accompanied the troopers on the trip. Also, Avhcn they arrived at Valentine Beach, both troopers went into the restaurant and claimant remained in the car until their return. They then proceeded to take claimant back to his home; and on the way back, they had a friendly ride and conversation. Trooper Shaft finished making out the summons, gave it to claimant and explained how to get to the Justice. They left claimant in his driveway about 3:30 a.m„
*963 Members of the State Police have the power and duty to investigate and make arrests for violations of the Vehicle and Traffic Law. (Vehicle and Traffic Law, § 68, subd. 1.) Under the circumstances, the troopers were within their rights to detain and investigate claimant, who violated the Vehicle and Traffic Law in their presence. The conviction of claimant in Justice’s Court and the subsequent affirmance thereof by the County Court clearly showed their justification.
Upon the record, the court finds that claimant failed in his burden of proof that he was struck or otherwise assaulted during the period he was with the State Police. The preponderance of credible evidence indicates that he was not assaulted by Trooper Coletti. The claimant, having consented to go along with the troopers to see a fight at Valentine Beach and having voluntarily accompanied them, cannot thereafter claim that he was illegally confined. The testimony of the troopers was corroborated and that of the claimant was refuted, pertaining to claimant’s statements that a trooper stayed with him in the car at Valentine Beach, by the testimony of the owner of the restaurant who testified he saw both troopers at the scene of the fight and out of the automobile. Claimant was not unreasonably detained and there was no evidence presented that he was caused to undergo embarrassment, shame and humiliation as alleged in the claim.
The burden of proof is upon the claimant.
Claimant having failed to make out a cause of action against the State of New York, the claim herein is dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Judgment is directed accordingly.