■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY CARESTIA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH DE DOMENICO, Appellant.— Appeal by defendants Anthony Carestia and Joseph De Domenico from a judgment of the Supreme Court, Kings County, rendered January 30, 1964 on their pleas of guilty, convicting each of them of violation of sections 974 and 975 of the Penal Law (policy), and imposing sentence. As to each defendant, judgment affirmed. No opinion. The determination of the Criminal Court of the City of New York, Kings County, made Sepetmber 9, 1963, which denied defendants' motion " controverting the search warrant " and to suppress evidence obtained thereunder, was reviewed on the appeal from said judgment. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT VANDERBILT WILLIAMS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 24, 1963 on his plea of guilty, convicting him of attempted robbery in the third degree, and imposing sentence upon him as a second felony offender. Judgment reversed on the law and the facts; defendant's motion to withdraw his plea of guilty and to substitute a plea of not guilty to the indictment granted; and action remanded for trial. At the time of sentence, but before sentence was pronounced, defendant protested his innocence and moved to withdraw his prior plea of guilty. Under all the circumstances here disclosed, and in the absence of any claim of prejudice by the People, we are of the opinion that the denial of the application constituted an improvident exercise of discretion. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHEN PUTZIGER, Respondent, v. SHIRLEY P. PUTZIGER, Appellant.— In a habeas corpus proceeding initiated by a father to enforce his visitation rights with respect to three minor children in the custody of the mother, the mother appeals from an order of the Supreme Court, Westchester County, entered August 19, 1963, which sustained the writ, defined the father's rights of visitation and granted him such rights subject to his making monthly payments of $666.66 to the mother for support, and subject to other stated conditions. Order reversed on the law, without costs, and proceeding remitted to the Special Term for the purpose of: (1) holding a hearing at which testimony under oath should be taken with respect to all the issues of fact raised by the petition and the return; and (2) making a determination de novo of all the issues of fact and law on the basis of the proof adduced upon such hearing. No questions of fact have been considered. While an agreement may have been reached between counsel in the chambers of the Trial Justice, no record of such agreement was made; it was not reduced to writing; and it was not the equivalent of an oral stipulation made in open court (Accarino v. Hirsch, 6 A D 2d 795, 797; Rosen v. Grand, 6 A D 2d 799, 801). In our opinion, the letter from the mother's counsel to the Trial Justice, dated August 7, 1963, constituted an effective withdrawal of any prior consent to the entry of an order. In the absence of such consent, it was error for the trial court to enter an order without a hearing and without a judicial determination on the issues of fact and law raised by the petition and return (People ex rel. Cachelin v. Cachelin, 18 A D 2d 1057; Matter of Grose, 7 A D 2d 961; Matter of Jiranek, 267 App. Div. 607, 611). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.