**Robert Dane FINTON, #31867, Petitioner-Appellant,**

v.

**Ward LANE, Warden of the Indiana State Prison, Respondent-Appellee.**

**No. 15363.**

United States Court of Appeals Seventh Circuit.

Feb. 14, 1966.

G. Robert Blakey, Notre Dame, Ind., for appellant.

Douglas B. McFadden, Deputy Atty. Gen., for appellee.

John J. Dillon, Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before HASTINGS, Chief Judge, and KILEY and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This action was commenced on application for Writ of Habeas Corpus filed August 10, 1964, to contest the legality of petitioner's detention by respondent in the Indiana State Prison. Respondent filed his return and answer and after hearing, the Court, on July 6, 1965, entered its order denying the application.

From this order the appeal comes to this Court.

Petitioner on brief states the contested issues thus:

"1. Does the Speedy Trial Clause of the Sixth Amendment constitute the test of Due Process made obligatory on the states by the Fourteenth?

"2. Under that test, was Petitioner denied a speedy trial where the State deliberately did not try him for a period of three years although he was at all times available for trial, the evidence was at hand, and he did not waive his right to a speedy trial?"

Respondent contends that the Speedy Trial Clause of the Sixth Amendment is not applicable to State Court proceedings but, assuming arguendo to the contrary, that petitioner was not denied a speedy trial because of failure on his part to show that the delay caused by the prosecution was purposeful and oppressive so as to preclude his receiving a fair trial, and that for speedy trial purposes the computation of time should not be based upon the time of the filing of an original affidavit but from the time of the filing of a subsequent affidavit upon which petitioner was convicted.

There is little if any dispute as to the facts, which in the main were stipulated. Even so, the nature of the issues presented calls for their statement in some detail.

On January 29, 1958, petitioner was taken into custody by Evansville police officers in Evansville, Indiana, and confined in the Vanderburgh County Jail in Evansville. On February 3, 1958, the State of Indiana filed in the Vanderburgh County Circuit Court against petitioner a three-count affidavit, charging in Count 1 kidnapping, in Count 2 armed robbery, and in Count 3 automobile banditry. (The alleged kidnapping happened hours after the alleged armed robbery.) Each offense was alleged to have been committed on January 28, 1958, in Vanderburgh County, Indiana.

Petitioner was brought to trial by the State of Indiana on Count 1, and on April 28, 1958, was convicted and sentenced to life imprisonment. On May 28, 1958, he was confined in the Indiana State Prison in Michigan City, Indiana.

Without notice to petitioner, Counts 2 and 3 of the original affidavit were dismissed on June 2, 1958, on motion of the State of Indiana alleging that "the defendant was convicted on Count No. 1."

Petitioner subsequently sought a Writ of Error Coram Nobis, alleging the incompetency of his trial counsel, praying that a Writ of Coram Nobis issue and that the judgment of conviction be set aside. Because of this petition, petitioner was returned to the Vanderburgh County Jail on December 7, 1960. Twelve days later the Writ was granted, without specifying the reasons therefor, and a new trial ordered on Count 1 of the original affidavit.

On December 22, 1960, the State of Indiana filed a new affidavit, charging petitioner with armed robbery. The new affidavit was identical to the original in all respects save only the identity of the affiant.

Petitioner filed a motion to discharge, on March 23, 1961, to which the State of Indiana filed a demurrer, which was sustained April 27, 1961. Petitioner was subsequently convicted by a jury of armed robbery, and sentenced on October 11, 1961, to imprisonment for ten years. The trial court, on November 13, 1961, overruled petitioner's motion for a new trial. On November 14, 1961, petitioner was again confined in the Indiana State Prison in Michigan City, Indiana, pursuant to the commitment issued as a result of the ten-year sentence of October 11, 1961. The conviction was affirmed by the Indiana Supreme Court on October 17, 1963. Finton v. State, 244 Ind. 396, 193 N.E.2d 134 (1963). A petition for Writ of Certiorari was not filed in the United States Supreme Court, and no further action was taken by petitioner in the courts of the State of Indiana. Petitioner is now incarcerated in the Indiana

State Prison, where he has lost no accrued good time.

Between February 3, 1958, when the original affidavit was filed, and December 22, 1960 (almost three years), when the second affidavit charging armed robbery was filed, eleven terms of the Vanderburgh County Circuit Court were held. Petitioner filed no petitions for continuance during this period, and no motion calling for a speedy trial was made in his behalf.

Petitioner presents a well-reasoned argument in support of his contention that the Speedy Trial Clause of the Sixth Amendment constitutes the test of Due Process made obligatory on the States by the Fourteenth. Admittedly, the point has not been directly decided by the Supreme Court. In view of the conclusion which we have reached, we find it unnecessary to decide the constitutional issue. See Peters v. Hobby et al., 349 U.S. 331, 338, 75 S.Ct. 790, 99 L.Ed. 1129, and United States v. Rumely, 345 U.S. 41, 45, 73 S.Ct. 543, 97 L.Ed. 770. For the purpose of decision, we assume that it is obligatory on the States.

■ Relevant to the speedy trial issue, but not decisive, is the length of time which elapsed before petitioner was brought to trial on the armed robbery charge. He argues that it was almost three years, which represents the period which elapsed between the filing of the first information charging armed robbery and the time when he was brought to trial. Respondent argues that the time should be measured from the date of the filing of the second affidavit to that of trial. On this point we agree with petitioner and hold that there was a delay of almost three years. See Hanrahan v. United States, D.C.Cir., 348 F.2d 363, 366, and Hoopengarner v. United States, 6 Cir., 270 F.2d 465.

■ Reference to a few of the many cases which have considered the speedy trial issue clearly reveals that each case must turn on its own particular facts and that numerous elements other than delay may properly be taken into consideration in determining whether a defendant has been deprived of his constitutional right. In Beavers v. Haubert, 198 U.S. 77, 25 S.Ct. 573, 575, 49 L.Ed. 950, a case often cited and quoted from, the Court stated:

"Undoubtedly a defendant is entitled to a speedy trial and by a jury of the district where it is alleged the offense was committed. This is the injunction of the Constitution, but suppose he is charged with more than one crime, to which does the right attach? He may be guilty of none of them, he may be guilty of all. He cannot be tried for all at the same time, and his rights must be considered with regard to the practical administration of justice."

On the following page the Court stated:

"The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice."

This Court, in United States ex rel. Pierce v. Lane, 302 F.2d 38, held that the lapse of eighteen years did not prejudice a prisoner and that he had not been denied his constitutional right to a speedy trial. In United States v. Holmes, 3 Cir., 168 F.2d 888, 891, where there was a delay of three years, the Court stated:

"In the complete absence of any indication that the instant defendant was adversely affected in the preparation or prosecution of his defense by the lapse of time in bringing this case to trial, we can see no ground for complaint by defendant on that score."

In Dandridge v. United States, 105 U.S. App.D.C. 157, 265 F.2d 349, 350, the Court stated:

"Dandridge was first indicted September 4, 1956. He came to trial on August 13, 1958. He claims violation of his constitutional right to a speedy trial. We find no merit in this contention, because the lapse of time was due to appellant's original plea of guilty and his later ef-

forts to extricate himself from that plea."

In Smith v. United States, 118 U.S.App. D.C. 38, 331 F.2d 784, 787, the Court stated:

"Contrary to appellant's claim, the authorities demonstrate that the balance between the rights of public justice and those of the accused has been upset against the Government only where the delay has been arbitrary, purposeful, oppressive or vexatious."

In Mattoon v. Rhay, 9 Cir., 313 F.2d 683, 685, the Court stated:

"Although a showing that delay was 'purposeful or oppressive' would support a claim of denial of defendant's Sixth Amendment right, there is no suggestion that the delay in the present case was designed by the prosecutor to oppress the appellant, or that it interfered in any way with the preparation or presentation of appellant's defense."

The latest case of which we are aware which has considered the speedy trial issue is Hanrahan v. United States, D.C. Cir., 348 F.2d 363. There, the defendants were indicted for mail fraud, which was dismissed by the government. The defendants, reindicted on the same charge in another jurisdiction, were tried and convicted. As the opinion discloses (page 365), defendants were convicted almost four years after they were first charged. As to the speedy trial issue, the Court (page 368) noted that the record was not sufficient to enable it to resolve the question. The case was reversed for further proceedings, with the following direction to the District Court:

"If the court should find that all the delay attributable to the prosecutor was necessary for fair and just prosecution of the charge of mail fraud, then the convictions will stand. If, on the other hand, the court should find that the prosecution was conducted with such disregard of appellants' interests that it can be said that the delay resulted from deliberate, or at least negligent, actions on the part of the prosecutor and the prosecutor fails to show 'that the accused suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay,' then appellants' Sixth Amendment rights have been denied and the convictions must be vacated and the indictments dismissed."

The District Court in the instant case found that there was no proof, not even an allegation, that petitioner was prejudiced by the delay in bringing him to trial on the armed robbery charge. In the main this was the basis for the Court's action in denying the application for Writ of Habeas Corpus, and we agree with its conclusion. The conviction for armed robbery which he now seeks to invalidate was affirmed by the Indiana Supreme Court, which indicates that he had a trial free from prejudicial error. More than that, there is no showing to the contrary. There is no basis for the conclusion that the delay of which petitioner complains was due to any arbitrary, oppressive or vexatious acts or conduct on the part of the State. The course pursued by it was evidently fashioned by the circumstances with which it was presented. Most of the delay of which petitioner complains was due to his effort to extricate himself from conviction on the kidnapping charge. It would have been foolhardy for either petitioner or the State to have demanded a trial on the armed robbery charge pending petitioner's appeal from his life sentence. Repeating the Supreme Court statement in Beavers v. Haubert, supra, " * * * his rights must be considered with regard to the practical administration of justice."

In conclusion, we express our appreciation to Mr. G. Robert Blakey, member of the faculty of Notre Dame Law School, court-appointed counsel for petitioner, for his able and exhaustive presentation.

The order appealed from is

Affirmed.