■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID E. WARING, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered December 11, 1964, convicting him of burglary in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. (*People* v. *Dash,* 16 N Y 2d 493.) Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT WILLIAMS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, entered July 15, 1964, which denied without a hearing his application (1) to vacate a judgment of the former County Court, Queens County, rendered November 19, 1947, convicting him of receiving stolen property, upon a jury verdict, and imposing sentence and (2) for resentencing. Order affirmed. No opinion. Beldock, P. J., Ughetta and Rabin, JJ., concur; Christ and Hill, JJ., dissent and vote to reverse the order and to grant the application to the extent of (1) vacating this court's order of June 1, 1948 dismissing defendant's appeal from the judgment of conviction and (2) reinstating defendant's appeal, with the following memorandum: On defendant's appeal from the judgment of conviction he was represented by retained counsel who received a copy of the transcript of the trial minutes which had been purchased by defendant's parents. On June 1, 1948 the appeal was dismissed on the calendar call, no record or brief having been filed and no one appearing for defendant. The papers before us contain uncontroverted proof that defendant was actually indigent during the period in which his appeal was pending and that in fact he was prevented from prosecuting his appeal by reason of such extant indigence, which rendered him unable to pay the expense of printing the record and brief. Under the circumstances, defendant is entitled to reinstatement of his appeal (see *People* v. *Stanley,* 12 N Y 2d 250; *People* v. *Adams,* 12 N Y 2d 417), even though he was represented by retained counsel and did not move to dispense with printing prior to dismissal (see *People* v. *Ludwig,* 23 A D 2d 497, revd. on dissenting opinion, 16 N Y 2d 1062).

■ In the Matter of PAUL ARZOOMANIAN, Doing Business as WHIRLWIND LIQUOR STORE, Respondent, v. DENNIS SVORONOS et al., Appellants.— Motion by petitioner-respondent for reargument of appeal from order of the Supreme Court, Queens County, entered May 19, 1965, which was reversed by order of this court, dated February 21, 1966 granted. Upon reargument, decision and order of this court, both dated February 21, 1966 [25 A D 2d 548] amended by striking from the decretal paragraph the provision awarding $10 costs and disbursements to each appellant and by substituting therefor: "without costs"; otherwise, provisions in said decision and order adhered to. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.