■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE A. P. DUNLEAVY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 22, 1965, convicting him of robbery in the third degree, upon a plea of guilty, and imposing sentence upon him as a second felony offender. Defendant's appeal has brought up for review the following intermediate orders of said court (1) one entered August 9, 1965, which, after a hearing, denied his motion to suppress certain evidence, (2) one entered September 30, 1965 which, after a Huntley type hearing, denied his motion to exclude his alleged confession and (3) another entered November 22, 1965, which denied his motion to withdraw his plea of guilty. Judgment and order entered November 22, 1965 reversed, on the law and the facts, motion

to withdraw plea of guilty and to substitute a plea of not guilty to the indictment granted, and action remitted for trial. Order entered September 30, 1965, reversed on the law and the facts and motion to exclude confession granted. Order entered August 9, 1965, affirmed. Defendant was arrested when he was seen by a police officer at 11:00 P.M. standing on a garage roof from which he was trying to gain forcible entrance to a building through a closed window. While still at the scene the defendant refused to answer questions until he had seen an attorney. A search of defendant's person subsequently yielded a knife which he had apparently broken off in trying to pry open the window and also some identification cards and papers which proved to belong to a pharmacist who had very recently been robbed. Defendant was taken to the police station. About two hours after his arrival at the station, he was identified by the robbery victim as the man who had held up the drug store. Defendant was subsequently questioned, and he claims beaten, until he made a confession concerning the drug store robbery to Detective Butler. Defendant moved to exclude this confession from his trial upon a charge of robbing the drug store. The court found after a Huntley type hearing that the defendant had not been beaten. As to the request which defendant had made for counsel almost immediately upon his arrest, the court said: "there is no testimony to indicate that Detective Butler was aware of Dunleavy's statement to Patrolman Bielefield that he would make no statement unless he discussed the matter with his counsel". Defendant subsequently changed his plea from not guilty and entered a plea of guilty to a lesser offense. Before sentence was passed, however, defendant made a motion to withdraw his plea of guilty and again enter a plea of not guilty. This motion was denied. Ordinarily the question of whether or not to set aside a plea of guilty and permit a defendant to plead not guilty is within the discretion of the court to which the motion is addressed. A mere claim of innocence before sentence is passed and the absence of a claim of prejudice by the People are not necessarily sufficient to require that the motion be granted (*People* v. *Gatling*, 24 A D 2d 556). We are of the opinion, however, that in the case before us the motion must be granted because of section 813-g of the Code of Criminal Procedure. This section, enacted in 1965, permits the review of an order denying a motion to suppress a confession even when the judgment of conviction is predicated on a plea of guilty. From this it appears that the defenant must be accorded a trial if on appeal it is determined that his motion to exclude his confession was erroneously denied. In this case defendant's motion to exclude his confession should have been granted. We cannot agree with the learned Justice who conducted the Huntley hearing that there is any significance in the fact that Detective Butler was unaware of defendant's request for counsel. That defendant made such a request is admitted by the People, and it is also undenied·that defendant was not given access to a telephone until about 6:30 A.M. of the morning following his arrest. In discussing the rationale of *People* v. *Donovan* (13 N Y 2d 148), *People* v. *Failla* (14 N Y 2d 178) and *People* v. *Gunner* (15 N Y 2d 226) the Court of Appeals in *People* v. *Sanchez* (15 N Y 2d 387, 389) wrote: "it matters not, insofar as application of the rule therein stated is concerned, whether the defendant, when taken into custody, was regarded by the police as 'accused', 'suspect' or 'witness'. The significant or operative fact in such cases is that the defendant confessed or otherwise incriminated himself while being interrogated by the police in the absence of counsel after he had requested the aid of an attorney or one retained to represent him had contacted the police in his behalf". In view of the above language, we do not believe that the present case can be distinguished either upon the ground that Detective Butler was not aware of defendant's request for counsel nor on the ground that defendant

asked for counsel in connection with the crime for which he was arrested without specifically renewing his request for the aid of counsel after he had been identified as the robber of the drug store and questioning as to that crime had commenced. The defendant also made a separate motion to exclude from his trial for the robbery of the drug store such physical evidence taken from his person after his arrest as tended to connect him with this crime. After a hearing the court denied defendant's motion to suppress this evidence. As to the defendant's complaint that the fruits of the drug store robbery were illegally seized by the police when they arrested him for the attempted burglary, we find it without merit. The usual rule is that, when a person is arrested for an offense committed in the presence of an officer, portable, personal effects in the possession of the arrested person may be searched for without a warrant (*Museums v. State of New York,* 20 Misc 2d 960; 79 C. J. S., Searches and Seizures, § 68). The law is the same where the person is arrested under circumstances where there was probable cause for believing that he was engaged in the commission of a crime (*United States v. Scott,* 149 F. Supp. 837; 79 C. J. S., Searches and Seizures, § 68). No different situation ought to obtain because defendant requests counsel before the otherwise permissible search is completed. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.