UNITED STATES of America ex rel.
Robert V. WILLIAMS, Petitioner,

v.

WARDEN OF SING SING PRISON, OS-
SINING, NEW YORK, Respondent.

No. 67 Civ. 2528.

United States District Court
S. D. New York.

Aug. 22, 1967.

Anthony F. Marra, Legal Aid Society, New York City, Gretchen W. Oberman, New York City, of counsel, for petitioner.

Louis J. Lefkowitz, Atty. Gen. of State of New York, Michael H. Rauch, Asst. Atty. Gen., of counsel, for respondent.

## MEMORANDUM

BONSAL, District Judge.

Petitioner is presently incarcerated in Sing Sing Prison, Ossining, New York, serving a sentence imposed upon his conviction for robbery, second degree, grand larceny, first degree, and assault, second degree. He was tried before a jury in Supreme Court, Queens County, New York, and on March 17, 1967 he was sentenced as a second felony offender to imprisonment for 2½ to 5 years, *nunc pro tunc* as of March 30, 1963.[1] His sentence as a second felony offender was based upon a judgment of conviction rendered on November 19, 1947 after a jury trial in County Court, Queens County. Petitioner has served his sentence on his first conviction.

Petitioner now seeks a writ of habeas corpus, claiming that his Federal constitutional rights were violated when his appeal from his 1947 conviction in the State courts was dismissed, allegedly because his indigence prevented him from printing the record and brief on appeal. Consequently, petitioner contends that his 1967 sentence as a second felony offender was imposed in violation of his Federal constitutional rights.[2]

At his trial in 1947, petitioner was represented by retained counsel, and on or about November 26, 1947, after petitioner had been convicted, petitioner's attorney filed a timely notice of appeal. The appeal was not perfected since a record and brief had not been filed in the required time. Petitioner's attorney moved to enlarge the time for petitioner to perfect his appeal. The State cross moved to dismiss the appeal. In an affidavit in support of the motion for an enlargement of time dated March 26, 1948, petitioner's attorney stated,

"The parents of the defendant-appellant have been endeavoring to raise funds to perfect the appeal, and have expended the moneys necessary for the purchase of the testimony in this case, which testimony has already been procured and which I have now in my possession. The reason that the appeal could not be perfected in due course and time was that the family have had a hardship raising the necessary money to continue with this ap-

1. The papers before the Court indicate that petitioner was sentenced *nunc pro tunc* as of March 30, 1965 but at oral argument on petitioner's application, counsel agreed the correct date is March 30, 1963. After a judgment of conviction had been rendered on July 24, 1963 on petitioner's plea of guilty, the Appellate Division reversed the judgment and ordered that petitioner be permitted to withdraw his plea of guilty and substitute a plea of not guilty and remanded the action for trial. People v. Williams, 22 A.D.2d 821, 254 N.Y.S.2d 858 (2d Dept.1964). Petitioner's 1967 sentence was apparently imposed after the trial ordered by the Appellate Division.

2. Although petitioner has served the 1947 sentence which he challenges, his habeas corpus application is properly before the Court since if petitioner had been sentenced in 1967 as a first felony offender rather than as a second felony offender, he might have received a prison term less than the term he has already served on the 1967 conviction. See United States ex rel. Foreman v. Fay, 184 F. Supp. 535 (S.D.N.Y.1960), cited with approval in United States ex rel. LaNear v. LaVallee, 306 F.2d 417, 419 (2d Cir. 1962). As a second felony offender, under New York law petitioner was required to receive a minimum mandatory sentence. New York Penal Law, McKinney's Consol.Laws, c. 40, § 1941. If petitioner had been sentenced as a first felony offender, he would not have been required to receive a minimum mandatory sentence. New York Penal Law §§ 243, 1295, 2127.

peal, and I have been advised that they are now in a position to continue and perfect the same and *have ample moneys for the printing of the record and briefs necessary in connection with this appeal.*" [Emphasis supplied.]

On April 19, 1948, the Appellate Division granted petitioner's motion and the time to perfect the appeal was extended to June 1, 1948. On June 1 the record and brief had not been filed, and no one appeared for petitioner at the call of the calendar. The Appellate Division thereupon dismissed petitioner's appeal.

In December 1948 petitioner's attorney moved to vacate dismissal of the appeal and for a further enlargement of time to perfect the appeal. In an affidavit dated December 30, 1948, in support of the motion, petitioner's attorney stated,

"on the 24th day of November, 1947, the appellant filed a notice of appeal and thereafter made an application for leave to have this appeal heard upon the typewritten minutes, which motion was denied. Thereafter an application was made to extend the term and such permission was granted to the defendant-appellant. Unfortunately, the defendant was without funds and could not proceed with the appeal, as he could not pay for the printing of the brief and case on appeal, and his family was also without funds at that time to proceed, and furnish such funds. * * * The defendant-appellant being unable to proceed, the appeal was dismissed.

"At the present time the mother of the defendant informs me that she is able to furnish the moneys for the expenses of the appeal, and has submitted an affidavit, which is hereto attached, advising the court that she is in a position at this time to furnish the necessary money for the printing, and your deponent is ready and willing to proceed with the appeal."

In her supporting affidavit, petitioner's mother stated,

"I have been advised by my son's attorney that this appeal has been dis-

missed because it was not brought on in the time set by the court. I was informed by the attorney that this appeal was to come up, but because of my financial circumstances and my sickness at the time, I was unable to furnish the lawyer with the necessary moneys to bring the appeal on and have the record and brief printed. I have received several communications from my son professing his innocence and I am now desirous of going ahead with this appeal as I am now in a position to give the lawyer the necessary money to have the record and brief printed."

On January 24, 1949 the Appellate Division denied petitioner's December 1948 motion to vacate the dismissal of his appeal, and on April 27, 1964 the Appellate Division denied a motion to reargue. On May 19, 1964, Judge Fuld of the New York Court of Appeals denied leave to appeal to that court.

More than fifteen years after his December 1948 motion had been denied, and following his second conviction, petitioner, on July 1, 1964, filed an application in the State courts for a writ of error coram nobis, claiming that his Federal constitutional rights were violated by the dismissal of his 1947 appeal because of his indigence. On July 15, 1964 the Supreme Court, Queens County, denied the application without a hearing. On April 11, 1966 the Appellate Division affirmed without opinion, two Justices dissenting (People v. Williams, 25 A.D.2d 770, 269 N.Y.S.2d 1007 (2d Dept.)), and on December 29, 1966 the New York Court of Appeals affirmed without opinion (18 N.Y.2d 936, 277 N.Y.S.2d 138, 223 N.E.2d 564). On April 11, 1967 the New York Court of Appeals denied a motion for reargument, 19 N.Y.2d 862, 280 N.Y.S.2d 1025, 227 N.E.2d 408 and amendment of the remittitur, 19 N.Y.2d 811, 279 N.Y.S.2d 969, 226 N.E.2d 702 and stated in a memorandum that, "since it was found that defendant-appellant was not an indigent person, no substantial constitutional question was directly involved upon the appeal."

Petitioner contends in this Court that his Federal constitutional rights were violated if, as alleged, he was indigent and was prevented from perfecting his appeal by reason of his indigence, and he contends was not required to seek relief in the State courts to proceed as an indigent.

However, it is clear that while petitioner's appeal was pending, petitioner did not claim that he was indigent and, that prior to 1964, petitioner did not claim he was unable to pay the costs of an appeal and did not apply for leave to proceed as an indigent. Petitioner alleges no facts to the contrary and does not contend that an application for leave to proceed as an indigent was made while his appeal was pending. In the affidavit of petitioner's attorney dated December 30, 1948, after petitioner's appeal had been dismissed, it is stated for the first time that petitioner was without funds and could not proceed with the appeal and that an application for leave to proceed upon typewritten minutes had been made and denied. The Assistant Attorney General, in his affidavit in opposition to petitioner's application, states however, that he finds no record of such a motion in the file forwarded to him. Petitioner does not allege that such a motion was made, nor does he rely chiefly on the making of such a motion to support his application, and nothing before the Court, other than the statement in the affidavit of December 30, 1948 indicates that such a motion was made.

In addition, petitioner does not dispute that when his appeal was pending, the following facts were before the State courts indicating that he was not indigent. Petitioner had been represented at trial by retained counsel who continued to represent him on appeal. Prior to March 26, 1948 petitioner's family had paid for a transcript of the trial minutes and the transcript was in the possession of petitioner's counsel. In an affidavit dated March 26, 1948 a representation was made to the Appellate Division that petitioner's family had "ample moneys"

to pay the costs of the appeal and no mention was made of petitioner's indigence.

These facts warrant the conclusion of the New York Court of Appeals in its memorandum of April 11, 1967 that petitioner was not "an indigent person" at the time of his appeal. This is supported by the fact that petitioner did not raise the issue again for more than 15 years and then, only following his second conviction. Compare People v. Ludwig, 16 N.Y.2d 1062, 266 N.Y.S.2d 134, 113 N.E.2d 463 (1965).

■ Since it is undisputed that petitioner did not seek relief in the State courts to proceed as an indigent without paying the costs of printing the record and brief on appeal and did not ask any representative of the State about his right to appeal, the dismissal of petitioner's appeal did not violate his Federal constitutional rights (see United States ex rel. Bjornsen v. LaVallee, 364 F.2d 489 (2d Cir. 1966), cert. denied, 386 U.S. 998, 87 S.Ct. 1313, 18 L.Ed.2d 351 (1967); Smartt v. Bomar, 340 F.2d 593 (6th Cir. 1965); Horton v. Bomar, 335 F.2d 583 (6th Cir. 1964); see also United States ex rel. Mitchell v. Follette, 358 F.2d 922 (2d Cir. 1966); Pate v. Holman, 341 F.2d 764 (5th Cir.), *modified on rehearing,* 343 F.2d 546 (1965)), and a hearing on petitioner's application is not required. See United States ex rel. Bjornsen v. LaVallee, supra; compare United States ex rel. Mitchell v. Follette, supra. Even if petitioner was ignorant of his right to appeal as an indigent, his Federal constitutional rights were not violated since the State courts were not constitutionally required to inform petitioner of his right to seek relief from paying the costs of his appeal. United States ex rel. Bjornsen v. LaVallee, supra; Pate v. Holman, supra, 341 F.2d at 775; United States ex rel. Maselli v. Reincke, 261 F.Supp. 457 (D.Conn. 1966).

Petitioner cites Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967) in support of his contention that he was not required to request relief in

the State courts to appeal as an indigent. The Supreme Court, in *Bosler,* in holding that a request for counsel on appeal was not required, stated that, "When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred \* \* \* that he has knowingly and intelligently waived his right to the appointment of appellate counsel." 386 U.S. at 260, 87 S.Ct. at 998. Petitioner's reliance on *Bosler* is misplaced since petitioner's indigence was not "manifest," and he had "the services of his trial counsel on appeal."

Petitioner's application for a writ of habeas corpus is denied.

It is so ordered.