UNITED STATES of America ex rel.
Robert V. WILLIAMS, Petitioner,

v.

Hon. John T. DEEGAN, Warden of Sing
Sing State Prison, Ossining, New
York, Respondent.

No. 67–Civ. 2701.

United States District Court
S. D. New York.

Oct. 17, 1967.

See also 2 Cir., 389 F.2d 1002.

Robert V. Williams, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, by Michael H. Rouch, Asst. Atty. Gen., for respondent.

CROAKE, District Judge.

## MEMORANDUM

■ This is a pro se application for a writ of habeas corpus.[1] Robert V. Williams, the relator, alleges that refusal of the trial court to grant a request for withdrawal of his previously entered guilty plea deprived him of his right to a speedy trial as guaranteed by the Sixth Amendment. He further suggests that the denial of his application to appeal to the New York State Court of Appeals and the conduct and remarks of the prosecutor during trial amounted to a deprivation of due process within the meaning of the 14th Amendment. Finally, relator claims that as a result of delay he was denied his constitutional right to confront particular witnesses as guaranteed by the Sixth Amendment. As these claims go to the particular conduct of the several state courts and the time consumed in their respective deliberations, the procedural history of this case is recounted in some detail.

The case arose out of an indictment filed on May 23, 1963, charging the petitioner and one Leroy Toland with the crimes of robbery, first degree; grand larceny, first degree; and assault, second degree.[2] At his arraignment on May 29,

1. The Attorney General informs this court that the petitioner was released on parole August 2, 1967, and that the present expiration date of his sentence is October 17, 1968. A state prisoner who has been on parole under the custody and control of a parole board is "in custody" within the meaning of 28 U.S.C. § 2241 (1964).

See, e. g., Jones v. Cunningham, 371 U. S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); United States ex rel. Von Cseh v. Fay, 313 F.2d 620 (2d Cir. 1963).

2. There are two versions of the facts in this case. The complainant alleges that petitioner and Leroy Toland drove up to him as he was waiting for a bus.

petitioner pleaded not guilty. On June 18, he withdrew his former plea and pleaded guilty to the crime of attempted robbery in the third degree to cover all counts of the indictment. On July 2, the district attorney pursuant to § 1941 N.Y. Penal Law, McKinney's Consol. Laws, c. 40, and § 145 N.Y.Code Cr.Proc., filed a prior offense information charging the petitioner with a prior felony conviction,[3] and petitioner was subsequently arraigned on this information. On July 24, 1963 petitioner attempted by motion to withdraw his plea of guilty. This application was denied by the court, and defendant was sentenced to Sing Sing State Prison for a term of three and one-half to six years. Petitioner was represented by counsel throughout these proceedings and there is no allegation that he was not adequately represented or apprised of his rights.

Following this sentence, petitioner moved by letter dated July 25, 1963 to vacate the sentence and for a new trial. This motion was denied on September 19, 1963. While this motion was pending before the trial court, petitioner filed a timely notice of appeal.[4] By April 27, 1964, petitioner had obtained a new attorney who moved for leave to appeal in forma pauperis and for an enlargement of time in which to perfect the appeal.[5] The Appellate Division granted these motions and defendant's time to perfect his appeal was enlarged to the October Term. Appellant's brief was received by the district attorney on September 18, 1964, and within a month respondent's brief was served on petitioner's counsel.

The Appellate Division, 2d Dept., reversed the conviction by memorandum opinion dated November 23, 1964, stating that petitioner's motion to change his plea should have been granted and that failure to do so amounted to an abuse of discretion. (See People v. Williams, 22 A.D.2d 821, 254 N.Y.S.2d 858 (2d Dept.1964)).[6]

On remand the trial court set aside defendant's guilty plea, fixed bail at $2,500, and placed the matter on the call calendar for January 25, 1965. On January 26, 1965, petitioner's motion to dismiss was denied and the case went to trial on February 23, 1965.

Following a jury trial, petitioner was convicted of robbery, second degree;

---

Although Mitchell did not know either the petitioner or Toland he accepted their offer of a ride. Mitchell says that after driving a short way he was ordered out of the car and robbed of $10. The petitioner claims that he met Mitchell at a bar and they struck up an acquaintance. Later in the evening petitioner offered and Mitchell accepted a ride home. Conversation continued and it was suggested that a bottle could be bought for the trip home. While the petitioner was in the liquor store (he had taken $10. from Mitchell in order to buy the bottle and intended to return $8.), Mitchell got "fresh" with a girl accompanying the petitioner. She screamed and when petitioner responded to her cries, Mitchell ran off.

3. In another application before this court, in which petitioner was represented by the Legal Aid Society, his challenge to the validity of the prior conviction was dismissed by Judge Bonsal of this court on August 22, 1967, 274 F.Supp. 597.

4. Nancy Carley, the attorney who represented Williams on his appeals to the Appellate Division and at his trial stated in her brief on appeal to the Appellate Division after trial: "Lest the defendant's right to appeal be lost, Signey (sic) G. Sparrow, filed a notice of appeal on the defendant's behalf from the conviction on August 18, 1963. He was not paid his promised retainer and did not proceed with the case." (See Appellant's Brief 4.)

5. Nancy Carley states that she was retained after the time to perfect the appeal had lapsed and filed an application for an enlargement of the time to appeal. (See Appellant's Brief 4.)

6. The court stated at 821, 254 N.Y.S.2d 858:

"At the time of sentence, but before sentence was pronounced, defendant protested his innocence and moved to withdraw his prior plea of guilty. Under all the circumstances here disclosed, and in the absence of any claim of prejudice by the People, we are of the opinion that the denial of the application constituted an improvident exercise of discretion."

grand larceny, first degree; and assault, second degree. Petitioner was sentenced on March 30, 1965. (See 45 Misc.2d 1049, 258 N.Y.S.2d 666 (Supp.Ct. Queens 1965)).[7]

Relator perfected his second appeal, alleging in essence the same contentions as are presented in this petition. The Appellate Division, 2d Dept., by memorandum decision dated December 12, 1966, affirmed the conviction stating that they " * * * [were] of the opinion that [relator] received a fair trial * *." The court, however, noted that the sentence minutes revealed that the trial court had misconstrued its power to determine upon which count of the indictment it could sentence. The Appellate Division noted that under § 2188 N.Y. Penal Law, the trial court could have suspended sentence on the more serious counts of the indictment and sentenced petitioner on the lesser count, if it had been so inclined. For this reason, the case was remanded. (See 27 A.D.2d 549, 277 N.Y.S.2d 121 (2d Dept.1966)). Petitioner sought leave to appeal to the Court of Appeals, and leave was denied by that court on January 23, 1967 (Scileppi, J. presiding).

On March 17, 1967, the trial court resentenced petitioner in compliance with the order of the Appellate Division, sus-

pending the sentences on the two more serious counts and imposing a sentence on the assault count of from two and one-half to five years.[8]

Petitioner appears to have exhausted available state remedies as is required under 28 U.S.C. § 2254 (1964); United States ex rel. Von Cseh v. Fay, 313 F.2d 620 (2d Cir. 1963). Therefore, this court will consider the substance of the relator's allegations.

## THE DENIAL OF A SPEEDY TRIAL

The petitioner claims that failure of the trial court to allow him to withdraw his previously entered guilty plea was the proximate cause of all future delays in expeditious trial of the charges against him. In support of his contention he relies on the rationale in United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), and Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).[9]

In Klopfer v. State of North Carolina, supra,[10] the United States Supreme Court held that the right to a speedy trial, as guaranteed by the Sixth Amendment, is applicable to the states through the 14th Amendment. The Chief Justice speaking for the Court observed that:

" * * * The pendency of the indictment may subject (the accused) to

---

7. Pursuant to the verdict petitioner was sentenced to from 7½ to 15 years on the robbery count, 5 to 10 years on the grand larceny count, and 2½ to 5 years on the assault count. The terms were to run concurrently.

8. Judge Bonsal stated in the case of United States ex rel. Robert V. Williams v. Warden, 67 Civ. 2528 (August 22, 1967) pg. 2n.*:

"The papers before the Court indicate that petitioner was sentenced nunc pro tunc as of March 30, 1965 but at oral argument on petitioner's application, counsel agreed the correct date is March 30, 1963. After a judgment of conviction had been rendered on July 24, 1963 on petitioner's plea of guilty, the Appellate Division reversed the judgment and ordered that petitioner be permitted to withdraw his plea of guilty and substitute a plea of not guilty and remanded the action for trial. 22 App.Div.2d 821,

254 N.Y.S.2d 858 (2d Dept.1964). Petitioner's 1967 sentence was apparently imposed after the trial ordered by the Appellate Division."

9. In the present petition the relator appears to accept the test set down in United States v. Ewell, 383 U.S. 116, 86 S. Ct. 773, 15 L.Ed.2d 627 (1966) to determine whether a speedy trial has been preserved, viz., whether the attendant circumstances justified the delay involved between the time of the original indictment and final disposition.

10. This decision does not reach the question of whether the right to a speedy trial as applied against the states by Klopfer v. State of North Carolina, supra, is to be applied retroactively under the standards set forth in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1965).

public scorn and deprive him of employment, and almost certainly will force curtailment of his speech, associations and participation in unpopular causes. By indefinitely prolonging this oppression, as well as the 'anxiety and concern accompanying public accusation', the criminal procedure condoned in this case by the * * * (state court) clearly denies the petitioner the right to a speedy trial which we hold is guaranteed to him * *." (Id. at 222, 87 S.Ct. at 993.)

But the procedure in *Klopfer* differed substantially from the procedure followed in the present case. In *Klopfer* the prosecutor by use of a *nolle prossed* indictment was preventing expeditious determination of the charges filed against the defendant. In the present case the petitioner had previously entered a guilty plea in the presence of his own counsel and without the slightest evidence of coercion. Further, there is no suggestion that the prosecution contributed to delays in this case. On the contrary, the facts strongly support the prosecution's contention that they did all in their power to see this case was promptly tried.

In deciding whether to allow withdrawal of a prior plea of guilty, the trial judge was guided by 337 N.Y.Code Cr.Proc., which states: "The court may in its discretion, at any time before judgment upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted."[11] New York courts have held that ordinarily a question of whether or not to set aside a plea of guilty and permit a defendant to plead not guilty is within the discretion of the court to which the motion is addressed, and a mere claim of innocence before sentence is passed and/or absence of a claim of prejudice by the State are not necessarily sufficient to require that the motion be granted. People v. Dunleavy, 26 A.D. 2d 649, 272 N.Y.S.2d 795 (2d Dept.), cert. denied, 385 U.S. 859, 87 S.Ct. 109, 17 L.Ed.2d 85 (1966); People v. Cruz,

24 A.D.2d 455, 260 N.Y.S.2d 417 (2d Dept. 1965).

▮▮▮ It is clear from the record that petitioner by attempts to withdraw his prior guilty plea was initially responsible for all delay in trying this case. It has repeatedly been held that a defendant in a criminal proceeding cannot be heard to complain if he himself contributed to the delay of his trial. Hampton v. State of Oklahoma, 368 F.2d 9 (10th Cir. 1966); Hedgepeth v. United States, 125 U.S.App.D.C. 19, 365 F.2d 952, 954 (1966); Hedgepeth v. United States, 124 U.S.App.D.C. 291, 364 F.2d 684, 688 (1966); United States ex rel. Obler v. Kenton, 262 F.Supp. 205, 211–212 (D. Conn. 1967). Further, a delay in prosecution resulting from an error made by the defendant who then needed time to extricate himself from the results of such error may not be advanced by him as a ground for finding a deprivation of the right to a speedy trial. United States v. Shelton, 211 F.Supp. 869, 871 (D.C.D.C.1962); cf. Finton v. Lane, 356 F.2d 850, 853 (7th Cir. 1966).

Dandridge v. United States, 105 U.S. App.D.C. 157, 265 F.2d 349 (1959), presents facts strikingly similar to the case at bar. In that case, *Dandridge* was indicted in two counts for carrying a dangerous weapon and for assault with a dangerous weapon. He pleaded guilty to the latter. His motion to withdraw this plea was denied and he was sentenced. The Court of Appeals affirmed. On application for certiorari, following the Solicitor General's confession of error, the Supreme Court reversed. Thereupon, the District Court, pursuant to mandate, vacated the plea of guilty. The other count, which had in the meantime been dismissed, was reinstated and the defendant was reindicted and then convicted on both counts. In dismissing the allegation of violation of the right to a speedy trial, the Court of Appeals stated at 350: "We find no merit in this contention, because the lapse of time was due to appellant's

---

11. The federal practice is quite similar to that of New York. See Rule 32(d), Fed.R.Crim.P.; United States v. Gaines, 66–Crim. 930 (Sept. 26, 1967).

original plea of guilty and his later efforts to extricate himself from that plea."

If petitioner were to prevail here, this court would in effect be holding state courts to standards of infallibility of which no human institution is capable. The Sixth Amendment was never intended to place judicial authorities in a position where injudicious exercise of lawfully granted discretion could lead to the release of prisoners simply because the passage of time necessary to perfect an appeal militated against their receiving the most expeditious determination of guilt or innocence.

Relator further alleges that due to the period of time consumed in appealing the trial court's refusal to allow him to change his plea he was unable to call two witnesses who could have testified in his defense. This claim involves the due process aspects of the right to a speedy trial. The Attorney General in his opposition papers asks the rhetorical question—if such witnesses were in fact present and ready to support petitioner's story, why was a guilty plea entered in the first place? It should be noted that when petitioner sought to withdraw the guilty plea, such available witnesses were not mentioned.

In United States ex rel. Von Cseh v. Fay, 313 F.2d 620 (2d Cir. 1963), the Second Circuit stated that: "Four factors are relevant to a consideration of whether denial of a speedy trial assumes due process proportions: the length of delay, the reason for the delay, the prejudice to defendant, and waiver by the defendant." Id. at 623.[12] In the present case, the total delay amounted to 21 months. However, the reasons for this delay are entirely attributable to the petitioner. The issue of the guilty plea has been thoroughly covered but it is well to mention at this juncture that the length of time taken in the appeal was occasioned by the failure of petitioner to submit an appellate brief until over one year from the date of his sentence. (See notes 4 and 5 and accompanying text.)

In sum, petitioner has not convinced this court that he has been denied a speedy trial and we turn to consider his other allegations.

## THE RIGHT TO DUE PROCESS OF LAW

Petitioner claims that he has been denied due process of law as protected by the 14th Amendment when his application for leave to appeal to the Court of Appeals was denied.

The Federal constitution does not require that a State provide appellate courts or a right to appellate review. Griffin v. People of State of Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956); McKane v. Durston, 153 U.S. 684, 687–688, 14 S.Ct. 913, 38 L.Ed. 867 (1894); People of United States ex rel. Mitchell v. Fay, 241 F.Supp. 165, 167 (S.D.N.Y.1965). If a state does provide for appeals, it may do so on such terms as it deems appropriate so long as the process does not result in arbitrary discrimination. The appellate procedure complained of in this petition is provided for under § 520 N.Y.Code Cr.Proc. Petitioner does not allege that he has been treated differently than any other appellant in New York. The procedure in question provides for at least one appeal as a matter of right and this satisfies the requirements of due process.

The relator makes several other due process contentions based on the conduct of the prosecutor before and during his trial, to wit: (1) the prosecutor's refusal to stipulate that his co-defendant was not available to testify without appending the fact that the co-defendant was a parole violator (thus forcing the defense to proceed without the stipulation); (2) the prosecutor's calling a witness who remained in the courtroom after the defendant's motion to exclude witnesses was granted, although the witness was withdrawn, the attempt to call him is alleged to have created an unfavorable impression on the jury; (3) the prosecutor's improper exploitation of the defendant's prior record; (4) the prosecutor's

12. See Note, 57 Colum.L.Rev. 846, 861–63 (1957).

improper argument that it was up to the defendant to produce certain witnesses; and (5) the prosecution's use of inflammatory language.

▮ It is well established that the burden of proof in habeas corpus proceedings lies with the petitioner and mere allegations are insufficient to satisfy this burden. Johnson v. Zerbst, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); United States ex rel. Weiss v. Fay, 232 F.Supp. 912 (S.D.N.Y. 1964).

▮ Turning first to the charge that the prosecutor by failure to enter into the requested stipulation prejudiced the defendant, we need only point out that the prosecutor would have had a right to attack this witness' credibility, had he testified, by inquiring about his prior conviction. The prosecutor was thus within his rights in not stipulating that the witness was "unavailable." To join in such a stipulation could have left the jury with the mistaken impression that but for the absence of some mysteriously missing witness, the defendant would have been able to clear himself.

▮ Secondly, the removal of the state's witness before any evidence was elicited sufficed to protect the petitioner or at least did not amount to error of due process proportions. Compare, United States v. Llanes, 374 F.2d 712, 716–717 (2d Cir. 1967).

Thirdly, a thorough reading of the trial transcript shows that petitioner's record was not used in any way that would prejudice him within the meaning of the 14th Amendment.

▮ Fourth, the prosecutor merely suggested that the defendant has some obligation to convince the jury of the truth of his alibi. This is no violation of due process. See People v. Barbato, 254 N.Y. 170, 172 N.E. 458 (1930); Wigmore on Evidence § 2512(c) n. 3.

▮ Finally, the petitioner's bare allegation that the prosecution used inflammatory language should not be sustained. Compare, United States v. DeAlesandro, 361 F.2d 694 (2d Cir. 1966), cert. denied, 385 U.S. 842, 87 S.Ct. 94, 17 L.Ed.2d 74 (1966), in which it was held that even though the summation by the prosecution did at times attempt to reach dramatic heights, it could at most, be characterized as flamboyant rather than prejudicially inflammatory.

## THE RIGHT TO CONFRONT WITNESSSES

There is no doubt that the Sixth Amendment protects petitioner's right to confront witnesses. See, e. g., Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct 1065, 13 L.Ed.2d 923 (1965). However, in the present case, petitioner's claim of lack of confrontation is based on his inability to call certain witnesses on his behalf.[13] It would appear then that his real claim is based on his right to have compulsory process.

▮ In Washington v. State of Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), the Supreme Court held that the right of a defendant in a criminal case to have compulsory process for obtaining witnesses in his favor applies to the states through the 14th Amendment. However, the question of this decision's retroactivity need not concern us here, for the loss of the witnesses is attributable to the defendant's plea of guilty and his subsequent legal battle to overturn this plea. Further, the right to compulsory process applies only where it is within the court's power to grant such request and since both witnesses cannot be subpoenaed, the petitioner's rights were not violated. United States v. Greco, 298 F.2d 247 (2d Cir. 1962), cert. denied, 369 U.S. 820, 82 S.Ct. 831, 7 L.Ed.2d 785 (1962).

As none of the petitioner's claims are meritorious, this application is denied.

So ordered.

---

13. The petitioner wished to call as witnesses Leroy Toland and Freeman Chris. The former was a parole violator and was unavailable to testify. The latter died in the summer of 1964 while petitioner was appealing his conviction.